Lemarr Rasheed Jordan,       :
            Petitioner      :
                          :
       v.                :
                          :
Pennsylvania Board of       :
Probation and Parole,       :   No. 906 C.D. 2018
            Respondent    :   Submitted: December 21, 2018

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
BY JUDGE FIZZANO CANNON       FILED: March 27, 2019

      Lemarr Rasheed Jordan (Jordan) petitions for review of the June 6, 2018 order of the Pennsylvania Board of Probation and Parole (Board) denying his request for administrative relief that challenged the recalculation of his parole violation maximum sentence date. Upon review, we affirm.

      On June 26, 2017, the Board released Jordan on parole after serving time at a state correctional institution (SCI) on two sentences involving drug-related crimes with a maximum sentence date of September 20, 2018. Certified Record (C.R.) at 1 & 7. As conditions of parole, the Board ordered Jordan to report to a parole center within 24 hours of release, and thereafter, he was to report to a treatment center, ADAPPT Treatment Services. *Id*. at 8 & 11. Jordan, however, did

not report to the parole center or treatment center; instead he absconded. *Id*. at 21 & 36.

On August 6, 2017, the Board detained Jordan, arrested him for technical parole violations, and placed him in a parole violator center (PVC). *Id*. at 19 & 21. Subsequently, Jordan waived his preliminary hearing on the technical parole violations and admitted to the violations. *Id*. at 14-16. The Board, by decision rendered August 21, 2017, issued an order to detain Jordan in a PVC and held its decision regarding the technical parole violations "in abeyance" pending Jordan's completion of a drug treatment program. *Id*. at 23.

On October 5, 2017, the Board released Jordan on re-parole after he completed the drug treatment program. *Id*. at 25. A few weeks later, on October 23, 2017, Jordan was arrested on new drug-related criminal charges and the Board detained him pending disposition of the matter. *Id*. at 26 & 40. The Lackawanna County Court of Common Pleas set bail at $50,000 but Jordan did not post it. *Id*. at 47. On November 15, 2017, Jordan pleaded guilty to the drug-related crimes and received a sentence of 18 to 36 months of confinement followed by 3 years of probation. *Id*. at 38 & 49. Subsequently, Jordan waived his revocation hearing, admitted to the new crimes, *id*. at 37, and the Board voted to recommit him as a convicted parole violator on March 15, 2018. *Id*. at 36.

The Board, by decision mailed April 12, 2018, notified Jordan that it recommitted him to a SCI as a convicted parole violator to serve his unexpired term of 451 days. *Id*. at 53-54. The Board explained that it did not award Jordan credit for any time spent at liberty on parole because he was an "early failure" on parole, he received a second conviction while under parole supervision, and he absconded. *Id*. at 54. The Board recalculated Jordan's maximum sentence date to April 10,

2019.[1]  *Id*.  Jordan challenged his sentence credit, *id*. at 57, but the Board denied his request for relief.  *Id*. at 62.  Jordan petitioned this Court for review.[2]

Before this Court, Jordan asserts that the Board erred when it recalculated his maximum sentence date to April 10, 2019.  To support his assertion, Jordan makes two basic arguments.  First, Jordan contends that the Board erred by altering his judicially imposed sentence.  Jordan's Brief at 12.  Second, Jordan argues that the Board failed to credit him with time served at the PVC, at liberty on parole, and while awaiting trial on the new criminal charges.  *Id*. at 12 & 16.  Upon review, we conclude that the Board acted within its authority when it recalculated Jordan's maximum sentence date.

*Board's Authority to Recalculate Maximum Sentence Date*

Initially, Jordan contends that the Board does not have the authority to alter his "judicially-imposed sentence" and by recalculating his maximum sentence date to April 10, 2019, the Board "imposes a term that exceeds the original term fixed by the judiciary."  Jordan's Brief at 12-13.  The Board counters that by recalculating Jordan's maximum sentence date, it did not "impermissibly" alter his judicially-imposed sentence because it has the authority to revoke the time Jordan

---

[1] The Board, in its recommitment order, calculated Jordan's new maximum sentence date as follows.  The Board started with Jordan's original maximum date of September 20, 2018.  C.R. at 55.  Jordan was released on parole on June 26, 2017; as a result, he had 451 days remaining on his original sentence.  *Id*.  The Board detained Jordan in a treatment center on August 6, 2017 until October 5, 2017 when it lifted its warrant, which is a period of 60 days.  *Id*.  The Board credited Jordan with the 60 days he served in treatment by subtracting it from the 451 days he owed on his original sentence to arrive at 391 days remaining on his original sentence.  *Id*. Adding 391 days to his return date of March 15, 2018 results in the new maximum date of April 10, 2019.  *Id*.

[2] Our review of the Board's decision denying administrative relief is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed or whether constitutional rights have been violated.  *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013).

3

earned while at liberty on parole, as he was recommitted as a convicted parole violator. Board's Brief at 7.

It is well settled that the Board, when recalculating the sentence of a convicted parole violator, is not encroaching upon judicial powers but merely requiring the parole violator to serve his entire sentence under the authority granted by the General Assembly. *Young v. Pa. Bd. of Prob. & Parole*, 409 A.2d 843, 848 (Pa. 1979). The Board cannot extend the "duration of the sentence" because fixing the sentence is a judicial function; for this reason, the Board, when recalculating a convicted parole violator's maximum sentence date, cannot impose backtime[3] that exceeds the remaining balance of the parolee's unexpired term. Section 6138(a)(2) of the Prisons and Parole Code (Code), 61 Pa.C.S. § 6138(a)(2), provides that when the Board recommits a parolee as a convicted parole violator, "the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted . . . ." *See also Commonwealth ex rel. Banks v. Cain*, 28 A.2d 897, 901 (Pa. 1942). It is the duration of the maximum sentence that controls, not the actual maximum sentence date. *Banks*, 28 A.2d at 901.

Here, the Board initially paroled Jordan on June 26, 2017, 451 days short of his September 20, 2018 maximum sentence date. C.R. at 7. By decision mailed April 12, 2018, the Board recommitted Jordan as a convicted parole violator to serve his unexpired term of 451 days. *Id*. at 53-54. Because the Board recommitted Jordan to serve only the days remaining on his original judicially imposed sentence, the Board committed no error.

---

[3] Backtime is "[t]he unserved part of a prison sentence which a convict would have been compelled to serve if the convict had not been paroled." 37 Pa. Code § 61.1.

4

*Board's Calculation of Credit for Time Served*

Next, Jordan asserts that the Board "abused its discretion" by failing to credit him with time served as follows: (1) the 60 days he served at the PVC from August 6, 2017 to October 5, 2017; (2) the 19 days that he spent at liberty on parole from October 5, 2017 to October 23, 2017; and (3) the 142 days he served in county jail from October 23, 2017 through March 15, 2018 on the Board's detainer.[4] Jordan's Brief at 11. The Board counters that it properly recalculated Jordan's maximum sentence date. Board's Brief at 6. Upon review of the record, we conclude that the Board properly recalculated Jordan's maximum sentence date.

First, Jordan asserts that the Board did not credit him with the 60 days he spent at the PVC from August 6, 2017 to October 5, 2017; this assertion is incorrect. The Board's recommitment order expressly provides that it credited Jordan's original sentence with these 60 days spent at the PVC. C.R. at 55.

Second, Jordan argues that the Board should have given him credit for the 19 days he spent at liberty on parole from October 5, 2017 to October 23, 2017, when he was detained and arrested on the new charges. Jordan argues that the Board erred in exercising its discretion by failing to credit the 19 days, because there was no "delinquency, escape, forfeiture of prior parole, or service of another sentence" and the new convictions were not crimes of violence or a crime requiring registration

---

[4] Because Jordan absconded, the Board did not give him credit for the time he spent on parole from June 26, 2017 until August 6, 2017. By absconding, Jordan was not in good standing on parole and, therefore, does not receive credit for this delinquent time. Section 6138(c)(2) of the Code, 61 Pa.C.S. § 6138(c)(2) (providing that a parolee recommitted as a technical parole violator "shall be given credit for the time served on parole in good standing but with no credit for delinquent time"); *Andrews v. Pa. Bd. of Prob. & Parole*, 516 A.2d 838, 840 n.4 (Pa. Cmwlth. 1986) (explaining that the statute denies "technical parole violators credit against their original sentences for time the parolee was delinquent while on parole or an absconder from parole supervision"). Further, Jordan does not challenge the Board's failure to credit him with this time on appeal.

for sexual offenders as provided in Section 6138(a)(2.1) of the Code, 61 Pa.C.S. § 6138(a)(2.1). Jordan's Brief at 14 & 20. Jordan further argues that the Board failed to provide an explanation for its decision refusing to award him credit for the 19 days as required by *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466 (Pa. 2017). Jordan's Brief at 13-14. The Board counters that Jordan's assertion that it has to award credit to a convicted parole violator for time served at liberty on parole unless the parolee absconded, escaped or forfeited prior parole is "spurious" because Jordan absconded twice. Board's Brief at 8.

Section 6138(a)(2.1) of the Code provides that, if the Board orders a parolee's recommitment as a convicted parole violator, the Board "*may, in its discretion*, award credit to a parolee . . . for the time spent at liberty on parole." 61 Pa.C.S. § 6138(a)(2.1) (emphasis added). The Board, when deciding whether to exercise its discretion to award credit to a parolee per Section 6138(a)(2.1), must conduct an "individual assessment of the facts and circumstances surrounding [the parolee's] parole revocation[]" and articulate the basis for its decision. *Pittman*, 159 A.3d at 474.

Here, the Board voted to recommit Jordan as a convicted parole violator on March 15, 2018 based on his admission to the new convictions. C.R. at 36. When rendering its decision, the Board explained that it denied Jordan credit for time spent at liberty on parole for three reasons, namely because: he was an early failure on parole; he received a second conviction for conduct occurring while under parole supervision; and he is an absconder. *Id*. at 53-54. Based on this explanation, we cannot conclude that the Board erred by refusing to award Jordan credit for the 19 days that he spent at liberty on parole from October 5, 2017 through October 23,

6

2017. Further, the Board did not violate *Pittman* as it provided an explanation for its decision based on an assessment of Jordan's circumstances.

Finally, Jordan argues that the Board abused its discretion by failing to properly credit his original sentence with the 142 days, from October 23, 2017 through March 15, 2018, he served incarcerated in county jail on the Board's detainer while awaiting trial on the new charges. Jordan's Brief at 16. Jordan argues that he should obtain this credit although he "was not able to post bail." *Id*. The Board counters that the 142 days Jordan "spent in county jail on his new charges will be properly allocated to his new state sentence." Board's Brief at 10.

Here, Jordan did not post bail, and therefore, he was held on the new criminal charges and the Board's detainer. C.R. at 40. In *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568 (Pa. 1980), our Supreme Court explained:

> if a [parolee] is being held in custody solely because of a detainer lodged by the Board and has otherwise met the requirements for bail on the new criminal charges, the time which he spent in custody shall be credited against his original sentence. If a [parolee], however, remains incarcerated prior to trial *because he has failed to satisfy bail requirements on the new criminal charges*, then the time spent in custody *shall* be credited to his *new sentence*.

*Id*. at 571 (emphasis added); *see also Smith v. Pa. Bd. of Prob. & Parole*, 171 A.3d 759, 769 (Pa. 2017) (affirming that *Gaito* remains the rule in this Commonwealth for how time spent in custody prior to disposition of new criminal charges is to be applied). Because Jordan did not post bail, the Board properly concluded that the 142 days he spent incarcerated before trial on the new criminal charges should be credited to his new sentence rather than his original sentence.

For the foregoing reasons, we conclude that the Board did not err in its recalculation of Jordan's maximum sentence date.  Accordingly, we affirm.


_____
CHRISTINE FIZZANO CANNON, Judge

8

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lemarr Rasheed Jordan,                    :
           Petitioner            :
                         :
         v.                            :
                         :
Pennsylvania Board of                     :
Probation and Parole,                     :    No. 906 C.D. 2018
            Respondent          :

## O R D E R

AND NOW, this 27th day of March, 2019, the June 6, 2018 order of the Pennsylvania Board of Probation and Parole denying Jordan's request for administrative relief is AFFIRMED.

 

_____
CHRISTINE FIZZANO CANNON, Judge