IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Edward James Nicholas,                          :
                              Petitioner        :
                                                :
               v.                               :
                                                :
Pennsylvania Board of                           :
Probation and Parole,                           :          No. 1375 C.D. 2018
                              Respondent         :          Submitted: April 5, 2019

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                              FILED:  July 16, 2019


         Edward James Nicholas (Nicholas) petitions for review pro se from the
Pennsylvania Board of Probation and Parole's (Board) September 20, 2018 order
denying his request for administrative relief.  Nicholas presents four issues for this
Court's review: (1) whether the Board arbitrarily denied him credit for 1,559 days and
improperly extended his maximum sentence date; (2) whether the Board abused its
discretion by recommitting him pursuant to Section 6138(a)(1) of the Prisons and
Parole Code (Parole Code), 61 Pa. C.S. § 6138(a)(1), and Section 75.2 of the Board's
Regulations, 37 Pa. Code § 75.2 (relating to presumptive recommitment ranges); (3)
whether the Board miscalculated his forfeited days; and (4) whether the Board must
consider the Berks County Common Pleas Court (trial court) judge the functional
equivalent of a magisterial district judge relative to a guilty plea.  After review, we
affirm.

On June 9, 2014, Nicholas was reparoled from his 6½- to 20-year sentence for aggravated assault (Original Sentence) to the Wernersville Community Corrections Center (CCC) after agreeing to the following parole conditions:

> If you are arrested on new criminal charges, the Board has the authority to lodge a detainer against you which will prevent your release from custody, pending disposition of those charges, even though you may have posted bail or been released on your own recognizance from those charges.
>
> . . . .
>
> If you are convicted of a crime committed while on parole/reparole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled/reparoled, with no credit for time at liberty on parole [(*i.e.*, street time)[1]].

Certified Record (C.R.) at 12; *see also* C.R. at 11, 13-14, 75. At that time, Nicholas had 1,559 days (*i.e.*, 4 years, 3 months and 7 days) remaining to be served on his Original Sentence. *See* C.R. at 127.

On November 3, 2014, Nicholas' parole officer took Nicholas into custody for violating his parole conditions. *See* C.R. at 76. Because there were no beds available in an inpatient treatment center, Nicholas was sent to the State Correctional Institution (SCI)-Coal Township. *See* C.R. at 76, 125. On December 18, 2014, Nicholas was transferred to the Wernersville Parole Violator Center and, on February 17, 2015, he was re-admitted to the Wernersville CCC where he was confined for 106 days from November 3, 2014 to February 17, 2015. *See* C.R. at 76, 125, 127.

Although the surrounding circumstances are unclear, on August 10, 2015, the Reading City police arrested Nicholas and took him to Berks County Jail, and the Board issued a detainer. *See* C.R. at 15, 76. On September 21, 2015, Nicholas was

---

[1] "Street time" refers to "the period of time a parolee spends at liberty on parole." *Dorsey v. Pa. Bd. of Prob. & Parole*, 854 A.2d 994, 996 n.3 (Pa. Cmwlth. 2004).

transferred to SCI-Mahanoy. *See* C.R. at 125. On December 24, 2015, Nicholas was paroled to the Coleman Hall Parole Violator Center (Coleman Hall). *See* C.R. at 125. On February 22, 2016, Nicholas was released from Coleman Hall and returned to the Wernersville CCC. *See* C.R. at 77.

On April 27, 2016, a criminal complaint was filed against Nicholas in Berks County, and he was arrested and charged with indecent assault, summary harassment by physical contact,[2] disorderly conduct and open lewdness related to his groping of a woman on a bus on April 22, 2016 (New Charges). *See* C.R. at 17-30. The Board issued a detainer warrant, and Nicholas was detained in the Berks County Jail pending the disposition of his New Charges because he did not post bail. *See* C.R. at 16, 26.

Also on April 27, 2016, the Board lodged a warrant to commit and detain Nicholas pending the disposition of his New Charges. *See* C.R. at 16. On June 16, 2016, Nicholas pled not guilty to the New Charges. *See* C.R. at 30. On June 24, 2016, the Board recorded its decision to detain Nicholas pending the disposition of his New Charges. *See* C.R. at 31.

On November 30, 2016, Nicholas entered a negotiated plea to misdemeanor harassment by repeated communication,[3] and the trial court sentenced Nicholas to 6 to 12 months in Berks County Jail, but credited him 217 days for the time

---

[2] Nicholas' harassment charge was lodged pursuant to Section 2709(a)(1) of the Crimes Code, which states: A person commits the crime of harassment when, with intent to harass, annoy or alarm another, the person "subjects the other person to physical contact, or attempts or threatens to do the same[.]" 18 Pa.C.S. § 2709(a)(1). Section 2709(c)(1) of the Crimes Code specifies that harassment under Section 2709(a)(1) of the Crimes Code is a summary offense. 18 Pa.C.S. § 2709(c)(1).

[3] Nicholas' summary harassment charge was amended to a harassment charge brought under Section 2709(a)(7) of the Crimes Code, which states: A person commits the crime of harassment when, with intent to harass, annoy or alarm another, the person "communicates repeatedly in a manner other than specified in paragraphs (4) [(any lewd, lascivious, threatening or obscene words)], (5) [(in an anonymous manner)] and (6) [(at extremely inconvenient hours)]." 18 Pa.C.S. § 2709(a)(7). Section 2709(c)(2) of the Crimes Code specifies that harassment under Section 2709(a)(7) of the Crimes Code is a third-degree misdemeanor. 18 Pa.C.S. § 2709(c)(2).

he was incarcerated from April 27, 2016 to November 30, 2016.[4]  C.R. at 30; *see also* C.R. at 49, 63, 73, 80-86, 89, 94, 108, 110, 114.

By December 9, 2016 letter to the Berks County Jail warden, the Berks County Adult Probation and Parole Department authorized Nicholas' parole to the Board's state detainer.  *See* C.R. at 36, 127, 199.  On January 5, 2017, Nicholas was transported from Berks County Jail to SCI-Frackville.  *See* C.R. at 77, 87, 125, 198.

On January 12, 2017, the Board verified Nicholas' sentence.  *See* C.R. at 73.  On January 27, 2017, the Board notified Nicholas of its intention to revoke his parole due to his misdemeanor harassment conviction.  *See* C.R. at 70-71.  Nicholas waived his right to a panel hearing.  *See* C.R. at 61, 105.  Nicholas' non-panel revocation hearing was conducted on February 15, 2017 at SCI-Frackville, during which he was represented by Kent D. Watkins, Esquire (Attorney Watkins) and admitted to his conviction on the New Charges.  *See* C.R. at 60, 62, 100-121.  Attorney Watkins represented at the hearing that Nicholas made a motion to the trial court on December 7, 2016, to have the trial court judge sit as a magistrate, but Attorney Watkins did not know the motion's disposition.  *See* C.R. at 63, 94, 110-111.

On March 8, 2017, the second panel member voted to recommit Nicholas as a convicted parole violator (CPV), and Nicholas was ordered to serve 6 months of

---

[4] The indecent assault, open lewdness and disorderly conduct charges were dismissed.  *See* C.R. at 27, 29, 81, 86, 93.  The trial court also ordered Nicholas to pay a $2,500.00 fine.  *See* C.R. at 48.

On December 7, 2016, Nicholas filed an administrative remedies form, wherein he asked the Board to revoke its warrant based upon the disposition of his New Charges.  *See* C.R. at 32-34.  On December 20, 2016, Nicholas filed an administrative remedies form in which he requested to return to a CCC.  *See* C.R. at 37-39.  On December 21, 2016, Nicholas filed another administrative remedies form, therein claiming that the Board committed an error of law, violated his constitutional rights and improperly recommitted him, because the trial court judge was acting as a magistrate and, thus, his New Charges were not of the type for which the Board could recommit him as a convicted parole violator.  *See* C.R. at 41-49.  On January 5, 2017, Nicholas filed an administrative remedies form requesting that his detainer be lifted since "[c]onviction of a [h]arassment offense is the functional equiv[a]lent [of a] municipal ordinance violation."  C.R. at 50; *see also* C.R. at 51-58.

backtime, without credit for time spent at liberty on parole.[5] *See* C.R. at 62-69. By decision recorded May 22, 2017 (mailed May 26, 2017), the Board formally recommitted Nicholas to an SCI as a CPV to serve 6 months.[6] *See* C.R. at 129-130. The Board recalculated Nicholas' Original Sentence maximum release date to March 17, 2021. *See* C.R. at 127, 130.

On June 5, 2017, Nicholas timely submitted an administrative remedies form challenging the Board's decision recorded May 22, 2017 (mailed May 26, 2017), based on an error of law, constitutional violation, recommitment challenge and "other."[7] C.R. at 131; *see also* C.R. at 132-136. Therein, Nicholas posed sentence credit, sentence order, reparole eligibility date and "other" challenges. C.R. at 131. In his attached explanation, Nicholas argued, *inter alia*, that the Board is not authorized to recommit him based upon a third-degree misdemeanor because it was not a conviction in a court of record for purposes of Section 6138(a)(1) of the Parole Code. *See* C.R. at 135. Nicholas further claimed that his CCC time was not time at liberty on parole because he was locked in and not authorized to leave the facilities. *See* C.R. at

---

[5] "[T]he date that the revocation and recommitment Hearing Report was signed by the second panel member thereby effectively revok[ed] [Nicholas'] parole[.]" *Wilson v. Pa. Bd. of Prob. & Parole*, 124 A.3d 767, 769 n.3 (Pa. Cmwlth. 2015).

In addition to checking the "No" box under "Credit time spent at liberty on parole[,]" C.R. at 64, the Board members stated that Nicholas "was in [a] CCC at the time[,]" C.R. at 63, and that he "fail[ed] to comply with sanctions." C.R. at 65.

[6]     'As long as the period of recommitment is within the presumptive range for the violation, the Commonwealth Court will not entertain challenges to the propriety of the term of recommitment.' *Smith v. P[a.] B[d.] of Prob[.] [&] Parole*, . . . 574 A.2d 558, 560 ([Pa.] 1990). The presumptive ranges for recommitment for CPVs . . . are found in [S]ection 75.2 of the Board's [R]egulations[.]

*Barnes v. Pa. Bd. of Prob. & Parole*, 203 A.3d 382, 388 (Pa. Cmwlth. 2019). Under Section 75.2 of the Board's Regulations, the presumptive CPV recommitment range for harassment is 1 to 6 months. 37 Pa. Code § 75.2; *see also* C.R. at 64.

[7] Nicholas filed numerous administrative remedies forms containing expansive and varied narrative claims of Board error. However, in light of this Court's ultimate disposition of this matter, reference is made herein only to Nicholas' claims impacting the issue he preserved in this appeal.

135-136. On June 22, 2017, Nicholas timely filed another administrative remedies form challenging the Board's decision recorded May 22, 2017 (mailed May 26, 2017), based on insufficient evidence, an error of law, constitutional violation, recommitment challenge and "other" challenges. C.R. at 139.

On July 21, 2017, Nicholas requested the status of his appeal. *See* C.R. at 153. On that same date, Attorney Watkins entered his appearance for Nicholas. *See* C.R. at 151. On July 28, August 7 and August 30, 2017, Nicholas again inquired as to his appeal's status and directed that the decision should also be sent to Attorney Watkins.[8] *See* C.R. at 149, 153, 155-156, 158. However, by October 17, 2017 letter, Attorney Watkins withdrew his appearance at Nicholas' request. *See* C.R. at 207.

By December 4, 2017 decision, the Board notified Nicholas:

> You were released on parole on June 9, 2014, with a maximum sentence date of November April [sic] 30, 2019. At that point, 1[,]786 days remained on your [Original S]entence. Because you were recommitted as a [CPV], you are required to serve the remainder of your [O]riginal [Sentence] and are not entitled to credit for any periods of time you were at liberty on parole. 61 Pa.C.S. § 6138(a)(2). This includes 202 days from July 29, 2010 to February 16, 2011. *Houser v. Pa. Bd. of Prob. & Parole*, 682 A.2d 1365 (Pa. Cmwlth. 1996). You are entitled to 429 days credit on your parole violation maximum date for the time you were detained solely by the Board from September 14, 2010 to January 19, 2011 (127 days); November 3, 2014 to February 17, 2015 (106 days); and August 10, 2015 to February 22, 2016 (196 days). On November 30, 2016, you were sentenced to incarceration in county prison. Because you were sentenced to county incarceration, you were required to serve that sentence prior to resuming service of your [O]riginal [S]entence. 61 Pa.C.S. § 6138(a)(5). You were released from your county sentence on December 9, 2016. Adding 1[,]559 days (1[,]786 + 202- 429) to that date results in your March 17, 2021 parole violation maximum date.

---

[8] On or about October 8, 2017, Nicholas filed a Complaint for Recomputation with the Bureau of Inmate Services. *See* C.R. at 160-197.

6

You are entitled to an evidentiary hearing on the claim that the Board should have awarded you credit for the time you resided in a [CCC]. Specifically, you claim you are entitled to 60 days credit for time you resided at Coleman Hall, ending on November 3, 2014. You also claim you are entitled to credit for residency in other, unspecified facilities. You will be notified of the hearing date and time by separate correspondence. The decision to schedule this hearing does not mean you have met your burden of proving that you are entitled to credit. That decision will be made after the hearing is held, based on the facts presented. If you prevail at the evidentiary hearing, your parole violation maximum date will be adjusted as necessary. Because an evidentiary hearing is pending, the Board cannot render a final decision on the credit challenge at this time. *Arguelles v. P*[*a.*] *B*[*d.*] *of Prob*[.] [*&*] *Parole*, 892 A.2d 912 (Pa. [Cmwlth.] 2006). After a decision from the evidentiary hearing is rendered, you may file an administrative appeal/petition for review if you do not receive the credit requested or you believe your parole violation maximum date is wrong in any other regard.

C.R. at 209-210. The Board scheduled the evidentiary hearing for January 30, 2018. On February 2, 2018, Nicholas asked this Court for a records subpoena. *See* C.R. at 211-213. On February 8, 2018, Nicholas requested the evidentiary hearing be continued pending his receipt of records.[9] *See* C.R. at 219, 222-227.

On March 5, 2018, the Board notified Nicholas that his evidentiary hearing was rescheduled for March 8, 2018, and that the limited purpose thereof was "to determine if [he was] entitled to a custody credit for the period of [September 26,] 2014 through [November 23,] 2014" when he claims he was confined at Coleman Hall. C.R. at 231. On March 8, 2018, Nicholas waived his right to counsel. *See* C.R. at 229.

At the March 8, 2018 hearing, Nicholas argued his credit challenges, again asserted, *inter alia*, that the Board cannot recommit him as a CPV based on a third-

_____

[9] Also on February 8, 2018, Nicholas filed another administrative remedies form challenging the Board's December 4, 2017 decision/action recorded May 22, 2017 (mailed May 26, 2017), based on insufficient evidence, an error of law, constitutional violation, recommitment challenge and "other." C.R. at 214.

degree misdemeanor when the trial court judge functioned as the equivalent of a magistrate. *See* C.R. at 232-306. The Board advised Nicholas that the issue was outside the hearing's scope. *See* C.R. at 277-279, 301-302. Coleman Hall director Agnes Brown testified, based upon her records, that Nicholas was not a Coleman Hall resident between September 26 and November 23, 2014. *See* C.R. at 289, 295-296.

On April 7, 2018, the second panel member agreed that Nicholas was not entitled to credit for the period from September 26 to November 23, 2014, because he failed to prove he was a Coleman Hall resident during that time. *See* C.R. at 234. By decision recorded May 14, 2018 (mailed May 15, 2018), the Board referred to its May 22 and October 6, 2017 actions, and officially concluded that Nicholas failed to meet his burden of proving he was entitled to credit from September 26 to November 23, 2014. *See* C.R. at 314-316.

On May 24, 2018, Nicholas timely filed an administrative remedies form challenging the Board's decision recorded May 14, 2018 (mailed May 15, 2018), based on an error of law, constitutional violation, recommitment challenge and "other." C.R. at 317. On June 4, 2018, Nicholas filed an additional application for relief with the Board again asking that his time be recalculated. *See* C.R. at 389-390.

By decision mailed September 20, 2018, the Board denied Nicholas' request for administrative relief, reiterated the conclusions in its December 4, 2017 decision, and added:

> On March 8, 2018, the Board conducted an evidentiary hearing on your claim that you were entitled to credit for the time you resided in [a CCC]. The record in this matter reveals that the Board did not act arbitrarily or plainly abuse its discretion when it determined that you were not entitled to credit under *Cox v. P*[*ennsylvania Board of Probation*] *& Parole*, 493 A.2d 680, 683 ([Pa.] 1985).

8

C.R. at 393; *see also* C.R. at 392, 394-395. Nicholas appealed to this Court.[10]

In his Statement of Questions Involved, Nicholas asserts that the Board arbitrarily denied him credit and improperly extended his maximum sentence release date, that the Board abused its discretion by recommitting him pursuant to Section 6138(a)(1) of the Parole Code and Section 75.2 of the Board's Regulations, that the Board miscalculated his forfeited days, and that the Board must consider the trial court judge the functional equivalent of a magisterial district judge relative to his guilty plea. However, in the argument portion of his brief, Nicholas made only cursory references to his claims that the Board erred by recommitting him as a CPV without street time credit, overextended his sentence and failed to credit him the 202 days. He blended these grievances with the bulk of his argument that the Board could not recommit him because his third-degree misdemeanor conviction was not in a court of record.

Nicholas' arguments that the Board erred by recommitting him as a CPV without street time credit, by overextending his sentence, and by failing to credit him the 202 days, consisted of undeveloped declarations. This Court has consistently ruled:

> An issue that is not addressed or developed in the argument section of a brief may be waived. *See* Pa.R.A.P. 2119(a) ('The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part--in distinctive type or in type distinctively displayed-- the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.'); *P[a.] Gaming Control B[d.] v. Unemployment Comp[.] B[d.] of Review*, 47 A.3d 1262, 1265 (Pa. Cmwlth. 2012) (concluding that failure to develop an issue in a brief will result in waiver); *Watkins v. Unemployment Comp[.] B[d.] of Review*, 689 A.2d 1019, 1022 (Pa. Cmwlth. 1997) (concluding that arguments not properly presented in the

---

[10] "Our scope of review of the Board's decision denying administrative relief is limited to determining whether necessary findings of fact are supported by substantial evidence, an error of law was committed, or constitutional rights have been violated." *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013).

On April 5, 2019, Nicholas filed an Application for Summary Relief.

argument portion of a brief in support of the issue raised in the statement of questions involved are waived). Here, [Nicholas] fail[ed] to cite any relevant authority in support of [his] position. Additionally, [Nicholas] failed to reference the pertinent facts to which [he] point[s] in [his] brief. Hence, . . . th[ese] argument[s] ha[ve] been waived by [Nicholas].[11]

*Dobson Park Mgmt., LLC v. Prop. Mgmt., Inc.*, 203 A.3d 1134, 1139 (Pa. Cmwlth. 2019).

Nicholas did, however, sufficiently develop his argument that the Board could not recommit him because his third-degree misdemeanor conviction was not in a court of record. Nicholas primarily contends that this Court's *Hufmen v. Pennsylvania Board of Probation & Parole*, 58 A.3d 860 (Pa. Cmwlth. 2012), *Chesson v. Pennsylvania Board of Probation & Parole*, 47 A.3d 875 (Pa. Cmwlth. 2012), *Goodwine v. Pennsylvania Board of Probation & Parole*, 960 A.2d 184 (Pa. Cmwlth. 2008) and *Jackson v. Pennsylvania Board of Probation & Parole*, 951 A.2d 1238 (Pa.

---

[11] Notwithstanding,

[w]here the [Board] determines to recommit a parolee as a [CPV],

the parolee shall be **reentered to serve the remainder of the term which the parolee would have been compelled to serve** had the parole not been granted and, *except as provided under paragraph (2.1)*, **shall be given no credit for the time at liberty on parole**.

61 Pa. C.S. § 6138(a)(2) ([italics] emphasis added). Section 6138(a)(2.1) of the Parole Code provides that, '[t]he [Board] may, in its discretion, award credit to a parolee recommitted . . . for the time spent at liberty on parole,' with three enumerated exceptions, none of which are applicable in this case. 61 Pa. C.S. § 6138(a)(2.1).

*Smoak v. Talaber*, 193 A.3d 1160, 1163-64 (Pa. Cmwlth. 2018) (bold emphasis added; footnote omitted). The Board did not extend Nicholas' sentence, but rather ordered him to serve the days remaining on his Original Sentence. *See Jordan v. Pa. Bd. of Prob. & Parole*, 206 A.3d 655 (Pa. Cmwlth. 2019). "It is well settled that the Board, when recalculating the sentence of a [CPV], **is not encroaching upon judicial powers** but merely requiring the [CPV] to serve his entire sentence under the authority granted by the General Assembly." *Id.* at 658 (emphasis added). Accordingly, the Board was authorized to and did properly deny Nicholas street time credit and recalculate his maximum sentence release date. Finally, this Court finds no error in the Board's calculations.

10

Cmwlth. 2008) decisions compel this Court to conclude that since the trial court judge was the functional equivalent of a magisterial district judge, the conviction on his New Charges was not in a court of record and, thus, Nicholas cannot be recommitted as a CPV.

> Section 6138(a)(1) of the Parole Code provides:
>
> **A parolee** under the jurisdiction of the [B]oard released from a correctional facility **who, during the period of parole** or while delinquent on parole, **commits a crime punishable by imprisonment**, for which the parolee is convicted or found guilty by a judge or jury or **to which the parolee pleads guilty** or nolo contendere at any time thereafter *in a court of record*, **may at the discretion of the [B]oard be recommitted as a parole violator**.

61 Pa.C.S. § 6138(a)(1) (bold and italic emphasis added). Thus, "[i]n order for a parolee to be classified as a [CPV], a parolee must be convicted of a crime in a court of record." *Goodwine*, 960 A.2d at 186.

> With respect to summary cases, Pennsylvania Rule of Criminal Procedure [(Rule)] . . . 1002(A) provides that 'all criminal proceedings in which a person is accused only of one or more non-traffic summary offenses or violations of municipal criminal ordinances shall proceed as provided in Chapter 4 of the [Rules (relating to summary offenses)].' Chapter 4 provides that summary offenses, whether brought by citation or complaint, are filed with an 'issuing authority.' [Pa.R.Crim.P.] 406; [Pa.R.Crim.P.] 420. The summary offense charged is then either disposed of by a guilty plea or by a trial before the 'issuing authority.' [Pa.R.Crim.P.] 424; [Pa.R.Crim.P.] 454.

*Chesson*, 47 A.3d at 880.

"The [Rules] define a [']court['] as [']a court of record[,']12] and distinguish it from an [']issuing authority['] by defining the latter as 'any public official

---

12 Section 321 of the Judicial Code states: "Except as otherwise provided in this subpart[,] every court of this Commonwealth shall be a court of record with all the qualities and incidents of a court of record at common law." 42 Pa.C.S. § 321.

11

having the power and authority of a magistrate . . . or a magisterial district judge.' [Pa.R.Crim.P.] 103."[13] *Jackson*, 951 A.2d at 1241. Thus, "magistrates and magisterial district judges do not fall within the definition of a court of record." *Id.* at 1241.

Accordingly, Nicholas is correct that magisterial district judges, and common pleas court judges sitting as committing magistrates, have jurisdiction over summary offenses.[14] *See* Section 1515(a)(1) of the Judicial Code, 42 Pa.C.S. § 1515(a)(1); *see also Chesson*; *Jackson*. Moreover,

> '[t]he law is well settled that a summary offense conviction by a magisterial district judge, or a common pleas judge sitting as a magisterial district judge, is not a conviction in a court of record and that the Board is not authorized to recommit a parolee as a [CPV] for such a conviction.' *Chesson* . . . , 47 A.3d [at] 880 . . . .

*Hufmen*, 58 A.3d at 863; *see also Jackson*; *Harper v. Pa. Bd. of Prob. & Parole*, 520 A.2d 518 (Pa. Cmwlth. 1987).

The Board admitted into the record Nicholas' Berks County Criminal Docket, which reflected that, on December 7, 2016, Nicholas filed a "Motion for Waiver/[M]odification of Sentence Order/Modification of [Rule] 1002(A) Chapter 4 Relating to When Judges Sit as an Issuing Authority Pursuant to Rule 103 Powers of Court of Common Pleas." C.R. at 94. Rule 1002(A) provides: "Except as provided in this rule or by local rule authorized by this rule, or elsewhere in Chapter 10, all criminal proceedings in which a person is accused only of one or more non-traffic summary offenses or violations of municipal criminal ordinances shall proceed as provided in Chapter 4 of the [Rules]." Pa.R.Crim.P. 1002(A). Notably, Chapter 10 (entitled

---

[13] "The Rules govern criminal proceedings in all courts[,] including courts not of record. [Pa.R.Crim.P.] 100." *Jackson*, 951 A.2d at 1241.

[14] Section 1515(a)(1) of the Judicial Code provides that magisterial district judges shall have jurisdiction of all "[s]ummary offenses[.]" 42 Pa.C.S. § 1515(a)(1). Section 912 of the Judicial Code states that "[e]very judge of a court of common pleas shall have all the powers of a . . . magisterial district judge . . . ." 42 Pa.C.S. § 912.

"[Rules] for the Philadelphia Municipal Court and the Philadelphia Municipal Court Traffic Division") and Rule 1002 (entitled "Philadelphia Municipal Court Procedures") specifically only apply to summary cases before the Philadelphia Municipal Court.

In the instant case, the matter was not before the Philadelphia Municipal Court or the Philadelphia Municipal Court Traffic Division, nor was the trial court judge presiding as a magisterial district judge over "only . . . summary offenses," Pa.R.Crim.P. 1002(A), on November 30, 2016, when Nicholas entered his negotiated harassment plea, thus, Chapter 4 of the Rules do not apply. Moreover, *Hufmen*, *Chesson*, *Goodwine* and *Jackson* are inapposite and do not support Nicholas' contention.

In *Chesson*, the Board recommitted the parolee after he pled guilty before the Philadelphia County Municipal Court (Municipal Court) to disorderly conduct, a summary offense. The parolee sought administrative review, arguing that since he was convicted by the Municipal Court sitting as a magisterial district judge over a summary offense, his conviction was not by a court of record and, thus, he could not be recommitted as a CPV. The Board upheld its decision. On appeal, this Court reversed, stating that "a conviction for a summary offense before the Municipal Court . . . is the functional equivalent of a conviction before a magisterial district judge[]" and, thus, "is not a conviction in a court of record for the purposes of [S]ection 6138(a)(1) of the [Parole] Code." *Chesson*, 47 A.3d at 880.

In *Hufmen*, the parolee was arrested and charged with retail theft, conspiracy to commit retail theft and resisting arrest, a second degree misdemeanor. Following a preliminary hearing, the magisterial district judge held the parolee over for trial and transferred the case to the Delaware County Common Pleas Court, where the parolee pled guilty to one count of retail theft, a summary offense. The Board recommitted the parolee as a CPV. The parolee filed an administrative appeal, arguing that since the Delaware County judge was acting as a magisterial district judge when

13

the judge accepted his guilty plea, he was not convicted in a court of record and, thus, the Board erred by recommitting him based on the summary offense. The Board denied the parolee's request for administrative relief. On appeal, this Court reversed the Board's decision, reasoning:

> Applying the . . . [Rules] and *Chesson*, we must conclude that a conviction for a summary offense before a judge of the court of common pleas is the functional equivalent of a conviction before a magisterial district judge, which makes [the parolee's] conviction of the summary offense of retail theft not a conviction in a court of record for the purposes of Section 6138(a)(1) of the [Parole] Code. Accordingly, because a conviction of only a summary offense, whether before a magisterial district judge or a common pleas judge, is not alone a sufficient basis to recommit a parolee as a [CPV], the order of the Board is reversed.

*Hufmen*, 58 A.3d at 865.

In *Goodwine*, the parolee was arrested and charged with aggravated assault, simple assault and resisting arrest. The district attorney withdrew those charges based upon the parolee's agreement to plead guilty to the summary offense of harassment before an Allegheny County judge "sitting as a district [judge.]" *Id.* at 186. The Board recommitted the parolee as a CPV based upon the guilty plea. The Board argued that since the Allegheny County judge was not officially designated by the president judge to sit as a district judge, the judge's declaration that he sat as a district judge was meaningless. The parolee appealed to this Court, which reversed the Board's decision, ruling that "[b]ecause [the p]arolee entered his guilty plea to a summary offense before a judge sitting as a district [judge] and the conviction occurred in a non-record court, the Board was required to find [the p]arolee to be a technical parole violator . . . ." *Id.* at 188.

In *Jackson*, the Board recommitted the parolee as a CPV after an Allegheny County Common Pleas Court judge found him guilty of three summary

offenses. The parolee appealed. The parolee obtained and presented the Board with a letter from the presiding judge in which the judge declared that he was acting in the capacity of a magisterial district judge at the time of the parolee's trial and sentencing. Based upon the letter, this Court ruled that since the judge was acting as a magisterial district judge at the time of the parolee's trial and sentencing, the parolee was not convicted in a court of record and, therefore, the Board was not authorized to recommit him as a CPV.

The *Chesson*, *Hufmen*, *Goodwine* and *Jackson* rulings make clear that the Board is prohibited from recommitting a parolee as a CPV where a parolee pleads guilty before a magisterial district judge or a common pleas court judge presiding as a magisterial district judge over a summary offense, since the plea was not made before a court of record. In the instant case, however, because Nicholas pled guilty to a misdemeanor, not a summary offense, the trial court judge was sitting as a court of record. Under the circumstances, Nicholas' conviction for misdemeanor harassment was a conviction for which the Board was authorized to recommit him as a CPV.

Based upon the foregoing, the Board's order is affirmed.[15]

_____
ANNE E. COVEY, Judge

---

[15] Having disposed of Nicholas' appeal, his Application for Summary Relief is moot.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Edward James Nicholas,     :
      Petitioner  :
           :
     v.     :
           :
Pennsylvania Board of    :
Probation and Parole,    :   No. 1375 C.D. 2018
      Respondent :

## O R D E R

AND NOW, this 16th day of July, 2019, the Pennsylvania Board of Probation and Parole's September 20, 2018 order is affirmed. Edward James Nicholas' Application for Summary Relief is denied as moot.

_____
ANNE E. COVEY, Judge