IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas Lee Plummer, :
               Petitioner :
                :
        v. : No. 1260 C.D. 2018
                : Submitted: May 31, 2019
Pennsylvania Board of Probation :
and Parole, :
             Respondent :

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
             HONORABLE ANNE E. COVEY, Judge
             HONORABLE ELLEN CEISLER, Judge

**OPINION**
**BY JUDGE SIMPSON**             **FILED: August 16, 2019**


This matter returns to us after our remand in Plummer v. Pennsylvania Board of Probation & Parole (Pa. Cmwlth., No. 1484 C.D. 2017, filed May 14, 2018), 2018 WL 2187872 (unreported) (Plummer I). Thomas Lee Plummer (Plummer), through appointed counsel, petitions for review from the post-remand order of the Pennsylvania Board of Probation and Parole (Board), that affirmed its decision to deny credit for time spent at liberty on parole.[1] Plummer argues the Board failed to provide a contemporaneous statement explaining its reason for denying credit pursuant to Pittman v. Pennsylvania Board of Probation & Parole, 159 A.3d 466 (Pa. 2017). He also challenges the legal sufficiency of the Board's reason for denying credit. Upon review, we affirm.

## I. Background

---

[1] The time a parolee spends at liberty on parole is also referred to as "street time." Dorsey v. Pa. Bd. of Prob. & Parole, 854 A.2d 994, 996 n.3 (Pa. Cmwlth. 2004).

## A.  **Plummer I**[2]

Plummer was originally sentenced to a term of four to eight years for firearm possession.  Two months after his July 2012 release on parole, Plummer was arrested on drug-related charges.  He remained in custody for approximately one year until the charges were dropped in September 2013.

In 2015, Plummer was arrested on other drug charges and detained in lieu of bail.  He pled guilty to the charges and was sentenced to 30 months to 5 years in prison with credit for 378 days for time served.  A hearing examiner recommended recommitting Plummer as a convicted parole violator (CPV), as not amenable to supervision, and denying him credit for street time.

In May 2016, the Board recommitted Plummer as a CPV to serve his unexpired term of one year, eight months and eight days (Recommitment Order I).  Relevant here, the Board made no reference to exercising discretion in forfeiting or awarding credit for Plummer's street time.

Plummer, then unrepresented by counsel, filed an administrative appeal arguing the Board erred in recalculating his maximum sentence because Recommitment Order I stated he did not forfeit street time.  The Board denied Plummer's appeal, noting it acted within its discretion to forfeit street time when recommitting a CPV.  The Board did not state a reason for denying Plummer credit for his street time.  Plummer petitioned this Court for review of the Board's order.

---

[2] For a full factual history, see Plummer v. Pennsylvania Board of Probation & Parole (Pa. Cmwlth., No. 1484 C.D. 2017, filed May 14, 2018), 2018 WL 2187872 (unreported) (Plummer I).

2

On Plummer's first appeal to this Court, we remanded this matter to the Board to explain its reason for denying credit under Pittman.[3] Plummer I. We also directed the Board to issue a corrected recommitment order, if necessary, to clarify the amount of time Plummer forfeited as a result of his conviction. Id.

## B. Remand

On remand, the Board reconsidered the issue of whether to award or to deny Plummer credit for his street time. In June 2018, the Board affirmed its decision to recommit Plummer as a CPV to serve a total of one year, eight months, and eight days (Recommitment Order II). Certified Record (C.R.) at 29. Relevant here, the Board explained it denied Plummer credit for time spent at liberty on parole due to his "prior history of supervision failures." Id.; see also C.R. at 15.

Plummer filed an administrative appeal, which the Board denied. Plummer timely petitions for review to this Court.

## II. Discussion

On appeal,[4] Plummer argues the Board failed to provide a legally sufficient reason for denying his time spent at liberty on parole under Pittman.[5]

---

[3] Notably, Pittman was issued in April 2017, before Plummer filed his first appeal, but almost a year *after* the Board issued Recommitment Order I in May 2016.

[4] Our review of the Board's decision is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law, and whether necessary findings were supported by substantial evidence. Jordan v. Pa. Bd. of Prob. & Parole, 206 A.3d 655 (Pa. Cmwlth. 2019).

[5] Plummer also asserts the Board failed to provide a *contemporaneous* reason for denying credit, i.e., "prior parole/probation failure" in its May 2016 decision. Pet'r's Br. at 7. Essentially,

Section 6138(a)(2.1) of the Prisons and Parole Code, 61 Pa. C.S. §6138(a)(2.1), "unambiguously grants the Board discretion to award credit to a CPV recommitted to serve the remainder of his sentence." Pittman, 159 A.3d at 473. There are two enumerated exceptions to the Board's discretion to award credit, neither of which apply here. See 61 Pa. C.S. §6138(a)(2.1)(i)-(ii).

When exercising its discretion to deny credit for time spent at liberty on parole, the Board must provide a contemporaneous statement explaining its reason. Pittman. This allows the appellate court reviewing the matter to have a method to assess the Board's exercise of discretion. Marshall v. Pa. Bd. of Prob. & Parole, 200 A.3d 643 (Pa. Cmwlth. 2018).

Our Supreme Court did not establish criteria to govern the Board's stated reason. Marshall. Rather, it noted the Board's explanation need not be extensive, and "a single sentence [] is likely sufficient in most instances." Pittman, 159 A.3d at 475 n.12.

Here, the Board denied Plummer's street time credit due to a "prior history of supervision failures." C.R. at 29. This Court has accepted similarly brief statements as sufficient under Pittman.

---

Plummer's challenge regarding the timing pertains to Recommitment Order I. However, the Board issued Recommitment Order I in May 2016, almost a year before our Supreme Court decided Pittman. Before the Pittman decision, there was no contemporaneity requirement; the Board may not be faulted for not complying with a decision that had not yet been issued.

As to our review here, the Board reconsidered the issue of awarding or denying street time credit pursuant to our remand order in Plummer I. The Board's cited reason for denying credit corresponds to its June 2018 Recommitment Order II, not its May 2016 Recommitment Order I. Only Recommitment Order II is before us. As to Recommitment Order II, the Board's explanation was offered contemporaneously with its credit decision as Pittman requires.

4

In Smoak v. Pennsylvania Board of Probation & Parole, 193 A.3d 1160 (Pa. Cmwlth. 2018), we considered the adequacy of the Board's five-word reason for denying street time credit. Following the parolee's respective drug-related and firearm convictions, he was sentenced to one year of probation for attempting to furnish drug-free urine. In recalculating his maximum sentence date, the Board denied the parolee street time credit due to his "unresolved drug and alcohol issues." Id. at 1163. This Court recognized Pittman does not require the Board's stated reason to be extensive; however, the Board's statement was "not a full sentence" and failed to "identify the incidents that created these 'issues.'" Id. at 1165. Nevertheless, we held the Board's statement legally sufficient, though "just barely sufficient." Id. (emphasis added).

Moreover, we recently recognized this precise reason satisfied Pittman. We reasoned, in *dicta*,[6] that "[e]ven if [the parolee] had preserved his challenge to the Board's denial of credit" the Board "complied with [the Pittman] mandate . . . by stating that it was not crediting [the parolee] for his street time due to his 'prior history of supervision failures.'"[7] Baxter v. Pa. Bd. of Prob. & Parole (Pa. Cmwlth.,

---

[6] In the context of counsel's withdrawal request, we noted the parolee waived his challenge to the Board's credit decision by failing to raise it on appeal. Baxter v. Pa. Bd. of Prob. & Parole (Pa. Cmwlth., No. 1059 C.D. 2017, filed Apr. 16, 2018), 2018 WL 1788515 (unreported).

[7] Notably, in Vann v. Pennsylvania Board of Probation & Parole (Pa. Cmwlth., No. 1067 C.D. 2017, filed April 10, 2018), slip op. at 6, 2018 WL 1722658, at *3 (unreported), appeal denied, 186 A.3d 574 (Pa. 2019), we held "prior history of supervision failure" and "unresolved drug and alcohol issues" were adequate reasons. Additionally, in Vieldhouse v. Pennsylvania Board of Probation & Parole (Pa. Cmwlth., No. 803 C.D. 2018, filed March 1, 2019), slip op. at 4, 2019 WL 994157, at *2, (unreported), we concluded that "prior supervision failure" and "multiple arrests/convictions during the release period" sufficed.

In both matters, the Board's denial of street time credit was based on two reasons, one of which involved the parolee's prior supervision failures. Both decisions upheld the parolee's failed

5

No. 1059 C.D. 2017, filed Apr. 16, 2018), slip op. at 6-7, 2018 WL 1788515, at *3-4 (unreported) (emphasis added) (citation omitted).[8]

In exercising its discretion in a credit determination, "the Board's statement of reasons should be informed by aggravating and mitigating circumstances and account for the parolee's individual circumstances." Marshall, 200 A.3d at 652. For example, the Board's given reason must be "accurate" and "relate[d] to the parolee's offenses." Id. at 650.

In both Marshall and Baldwin v. Pennsylvania Board of Probation & Parole (Pa. Cmwlth., No. 907 C.D. 2018, filed April 2, 2019), 2019 WL 1458967 (unreported), there was a clear discrepancy between the record and the Board's stated reason, which necessitated correction on remand. In Marshall, the Board denied a parolee street time credit for nearly nine years due to "felony drug[-]related crimes." Id. at 650 (emphasis added). However, a review of the record revealed the existence of only one felony drug conviction, not several. In Baldwin, we held the Board's three-word reason of "poor supervision history" was inconsistent with the parole officer's report and the parolee's "spotless record" of compliance with parole supervision. Id., slip op. at 2, 6, 2019 WL 1458967, at *3. This included a review of the parolee's nine years on reparole without incident, in which he secured stable housing and employment, complied with curfew, and tested negatively for drugs.

supervision history as a stated reason for denying credit. Although we recognized the Board cited an additional reason in those cases, these holdings are not contrary to our current opinion because the law only mandates the Board provide one reason for a credit determination. Pittman.

[8] This case is cited for its persuasive value in accordance with Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

Citing Marshall, Plummer argues the Board's stated reason is inadequate because "the [r]ecord refers to no such [poor supervision] history[,] only false arrests." Pet'r's Br. at 12. We disagree.

Unlike in Marshall and Baldwin, there is no question as to the accuracy of the Board's provided reason here. Our review of the record reflects a number of supervision failures. According to the Board's "Supervision History," Plummer became less receptive to supervision in 2013 and 2014. C.R. at 17. For example, a June 2014 entry indicates Plummer's "adjustment to supervision continue[d] to be poor" and he continued to show "poor judgment;" "that he is not amenable to supervision;" and "that he does not think before he reacts." Id. According to a March 2015 entry, Plummer was unemployed, and his only interest was "committing crimes and selling drugs." Id. Therefore, in contrast to Marshall and Baldwin, the record supports the Board's articulated reason for denying credit.

In addition to accuracy, we have also considered whether the Board's stated reason is documented in the record and affords the parolee notice of the specific acts being referenced.[9] See Vann v. Pa. Bd. of Prob. & Parole (Pa. Cmwlth., No. 1067 C.D. 2017, filed Apr. 10, 2018), 2018 WL 1722658 (unreported), appeal denied, 186 A.3d 574 (Pa. 2019). In Vann, we rejected the parolee's argument that he had no idea which conduct the Board relied on in making its credit determination. In holding the Board's stated reasons were sufficient, we noted the parolee's

---

[9] The Board's stated reason may also consider the severity of the crime compared to forfeiture of street time credit. See Marshall v. Pa. Bd. of Prob. & Parole, 200 A.3d 643, 650 (Pa. Cmwlth. 2018) (stating "it remains unclear how a drug-related conviction warrants denying credit for almost nine years of street time, which is more than the sentence [the parolee] received in his new conviction").

difficulty with supervision and drug and alcohol problems were supported in the record.

Our Supreme Court reasoned that to simply check a box "No" on a standard hearing form fails to comport with a parolee's right to due process and "renders appellate review a mere empty formality." Pittman, 159 A.3d at 474. Here, Plummer acknowledges that in support of the recommendations in 2016, the hearing examiner's report stated that he was "not amenable to parole supervision." Pet'r's Br. at 7. Thus, Plummer had notice.

Because Plummer had notice of the rationale behind the Board's credit decision, and there is record evidence to support the Board's reason, we hold that its stated reason complied with Pittman. However, as in Smoak, we recognize the Board's given explanation was not a full sentence and failed to identify the particular incidents that created the failed supervision history cited. Accordingly, the Board's stated reason, while sufficient, is "just barely" so. Id. at 1165.

### III. Conclusion

For the foregoing reasons, we affirm the Board's order.

_____
ROBERT SIMPSON, Judge

8

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas Lee Plummer,  :
                 Petitioner  :
                                                     :

         v.  :  No. 1260 C.D. 2018
                                                         :

Pennsylvania Board of Probation  :
and Parole,  :
                 Respondent  :

# **O R D E R**

AND NOW, this 16th day of August 2019, the order of the Pennsylvania Board of Probation and Parole is AFFIRMED.

_____
ROBERT SIMPSON, Judge