IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Darrell Smoak, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 112 C.D. 2018 |
| | : | Submitted: June 15, 2018 |
| John J. Talaber, Esquire, Secretary | : | |
| Pennsylvania Board of | : | |
| Probation and Parole, | : | |
| Respondents | : | |

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE ROBERT SIMPSON, Judge
          HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION
BY PRESIDENT JUDGE LEAVITT                    FILED: September 11, 2018

Darrell Smoak (Smoak) petitions for review of an order of the Pennsylvania Board of Probation and Parole (Parole Board) that recommitted him as a convicted parole violator to serve nine months backtime. Smoak argues that the Parole Board erred by failing to provide him with a statement of reasons for its decision to deny him credit for time spent at liberty on parole. For the reasons that follow, we affirm.

In 2009, Smoak was sentenced to a term of five to ten years of incarceration for possession with intent to deliver illegal narcotics. Simultaneously, he was sentenced to four to eight years of incarceration for the offense of illegal possession of firearms. Smoak's maximum release date was September 20, 2018. On July 24, 2014, Smoak was released on parole.

On March 17, 2016, Smoak reported to the Parole Office for a urinalysis and was discovered to have a rubber glove filled with urine. The City of Chester Police Department arrested Smoak for Furnishing Drug Free Urine – Use or

Attempt. He was unable to post bail and was confined at the Delaware County Prison.

On May 19, 2016, Smoak was convicted of Furnishing Drug Free Urine and was sentenced to one year of county probation. On that same date, Smoak waived his right to a parole revocation hearing. On June 23, 2016, the Parole Board recommitted Smoak to a state correctional institution as a convicted parole violator to serve nine months of backtime. The Parole Board calculated his parole violation maximum date of release to be May 14, 2020.

On July 19, 2016, the Parole Board received Smoak's petition for administrative review, wherein he challenged the Parole Board's decision to "take[ ] [his] street time[.]" Certified Record at 75 (C.R. __).[1] By decision issued December 19, 2017, the Parole Board modified the June 23, 2016, recommitment order by adding the following language:

> THE BOARD IN ITS DISCRETION DOES NOT AWARD CREDIT TO YOU FOR THE TIME SPENT AT LIBERTY ON PAROLE FOR THE FOLLOWING REASON(S):
>
> --UNRESOLVED DRUG AND ALCOHOL ISSUES.

C.R. 70. Thereafter, on January 9, 2018, the Parole Board denied Smoak's petition for administrative review, stating, in pertinent part:

> [T]he decision on whether to grant or deny a convicted parole violator for time at liberty on parole is purely a matter of discretion. The Prisons and Parole Code authorizes the Board to grant or deny credit for time at liberty on parole for certain criminal offenses. 61 Pa. C.S. §6138(a)(2.1). To the extent that

---

[1] At the same time as his administrative appeal was pending, on January 18, 2017, Smoak was paroled. While on parole, Smoak was convicted of driving under the influence. C.R. 68, 72. Subsequently, the Parole Board recommitted Smoak as a convicted parole violator, and his parole violation maximum date is now March 9, 2021. C.R. 72.

2

you claim the Board abused its discretion by not having an adequate reason to deny you credit for the time you spent at liberty on parole, this claim is now moot. On December 19, 2017, the Board mailed you a new board action providing a reason for why you were denied credit for the time you spent at liberty on parole. In this case the reasoning provided was that you have unresolved drug and alcohol issues.

C.R. 79. Smoak now petitions this Court for review.

On appeal,[2] Smoak argues that the Parole Board abused its discretion by failing to provide him with a contemporaneous statement of reasons for denying credit for street time. In support of his argument, Smoak cites our Supreme Court's decision in *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466 (Pa. 2017). He also argues that the Parole Board improperly delayed his right to appeal the recommitment decision by taking nearly two years to respond to his administrative appeal. The Parole Board responds that it properly exercised its discretion in denying Smoak credit for time spent at liberty on parole, including setting forth the basis for its decision to deny him credit.

By way of background, Section 6138(a)(1) of the Prisons and Parole Code (Parole Code)[3] provides that

> [a] parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the board be recommitted as a parole violator.

---

[2] This Court's review determines whether the Parole Board's adjudication is supported by substantial evidence, whether an error of law has been committed, or whether constitutional rights have been violated. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Moroz v. Pennsylvania Board of Probation and Parole*, 660 A.2d 131, 132 (Pa. Cmwlth. 1995).

[3] 61 Pa. C.S. §§6101-6153.

3

61 Pa. C.S. §6138(a)(1). Where the Parole Board determines to recommit a parolee as a convicted parole violator,

> the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, *except as provided under paragraph (2.1)*, shall be given no credit for the time at liberty on parole.

61 Pa. C.S. §6138(a)(2) (emphasis added). Section 6138(a)(2.1) of the Parole Code provides that, "[t]he [Parole B]oard may, in its discretion, award credit to a parolee recommitted … for the time spent at liberty on parole," with three enumerated exceptions, none of which are applicable in this case.[4] 61 Pa. C.S. §6138(a)(2.1).

Recently, in *Pittman*, our Supreme Court explained that, when the Parole Board exercises its discretion under Section 6138(a)(2.1), it "must articulate the basis for its decision to grant or deny a [convicted parole violator] credit for time served at liberty on parole." 159 A.3d at 474. Simply checking "no" on the standard hearing report does not suffice. The Supreme Court noted that "the reason the Board gives does not have to be extensive and a single sentence explanation is likely sufficient in most instances." *Id.* at 475 n.12. The Parole Board must issue a contemporaneous statement of reasons as to why it denied a convicted parole

---

[4] Section 6138(a)(2.1) states:

> The board may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:
>
> > (i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa. C.S. § 9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa. C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).
> >
> > (ii) The parolee was recommitted under section 6143 (relating to early parole of inmates subject to Federal removal order).

61 Pa. C.S. §6138(a)(2.1).

4

violator credit for time spent at liberty on parole; where the Board fails to do so, this Court will remand for the Board to set forth its reasons. *See Anderson v. Talaber*, 171 A.3d 355, 360 (Pa. Cmwlth. 2017) (case remanded where Parole Board abused its discretion by failing to "issue a contemporaneous statement of its decision to deny [the parolee] credit for street time" in accordance with *Pittman*); *Green v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 725 C.D. 2017, filed April 19, 2018), slip op. at 9 (unreported) ("failing to provide a contemporaneous statement of reasons" for a denial of credit constitutes error and abuse of discretion, requiring a remand).[5]

Here, because Smoak was recommitted as a convicted parole violator, he was not entitled to credit for time spent at liberty on parole *unless* the Parole Board, in its discretion, determined to award him credit. 61 Pa. C.S. §6138(a)(2), (2.1). The Parole Board exercised its discretion and affirmatively chose to deny Smoak credit for time spent at liberty. C.R. 31. However, it did not record any reason for its decision to deny credit on the June 23, 2016, recommitment order. C.R. 56. This was an error.

However, this matter does not need to be remanded to the Parole Board to correct the error because the Parole Board, after receiving Smoak's administrative appeal, corrected its omission by modifying the recommitment order to include its reason for denying Smoak credit for his street time. Specifically, the Parole Board stated:

> THE BOARD IN ITS DISCRETION DOES NOT AWARD CREDIT TO YOU FOR THE TIME SPENT AT LIBERTY ON PAROLE FOR THE FOLLOWING REASON(S):

---

[5] An unreported panel decision of this Court, "issued after January 15, 2008," may be cited "for its persuasive value[.]" 210 Pa. Code §69.414(a).

5

--UNRESOLVED DRUG AND ALCOHOL ISSUES.

C.R. 70. As noted, "the reason the [Parole] Board gives does not have to be extensive and a single sentence explanation is likely sufficient in most instances." *Pittman*, 159 A.3d at 475 n.12. We hold the Parole Board's reason to deny Smoak credit for time spent at liberty on parole is sufficient.[6] However, the Parole Board's above-quoted explanation is not a full sentence, and it does not identify the incidents that created these "issues." It is just barely sufficient.

Smoak also argues that the Parole Board, by waiting nearly two years to respond to his administrative appeal, delayed his right to appellate review. Although the Parole Code does not provide a deadline for the Parole Board to respond to a request for administrative relief, the Parole Board's time to respond is not indefinite.

A parolee's right to due process may be compromised where the delay to enter the appellate process causes prejudice. In *Slotcavage v. Pennsylvania Board of Probation and Parole*, 745 A.2d 89 (Pa. Cmwlth. 2000), the parolee claimed that the Parole Board violated his equal protection and due process rights because it took more than six months to respond to his administrative appeal. This Court stated:

> [a]ssuming that the six-month delay was an unreasonable amount of time for the [Parole] Board to issue a decision, a parolee's due process rights to access the courts are not violated when a parole board puts off making a decision of parole until the parolee serves his time on other crimes. *Moody v. Daggett*, 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976). Likewise, Pennsylvania courts have required a showing of harm on the part of a parolee

---

[6] Additionally, Smoak contends that the Parole Board should not have dismissed as moot that portion of his administrative appeal wherein he objected to the Parole Board's failure to set forth a reason for its decision to deny him credit for his street time. The Parole Board, by modifying its prior decision to set forth its reason, addressed his objection; therefore, we agree with the Parole Board that this issue was moot.

challenging the parole revocation process. In *Commonwealth v. Marchesano*, 519 Pa. 1, 544 A.2d 1333 (1988), our Supreme Court held that where a probationer did not suffer any actual prejudice, a five month and three week delay in the probation revocation process did not violate the speedy process rule of Pa.R.Crim.P. 1409 concerning probation from "county-time," especially where the parolee would have been incarcerated in any event because he was serving time for other offenses. In the present case, the [Parole] Board completed the entire revocation process on March 2, 1999, when it denied Slotcavage's administrative appeal, approximately eight years before the expiration of his sentence on the federal drug charges. *Because he was not prejudiced by the [Parole] Board's delay in responding to his administrative appeal, Slotcavage's due process rights under the United States and Pennsylvania Constitutions were not violated.*

*Slotcavage*, 745 A.2d at 92-93 (emphasis added). More recently, in *Cooper v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 48 C.D. 2018, filed August 7, 2018) (unreported), this Court addressed the Parole Board's 15-month delay in acting on an administrative appeal, stating:

> While the length of the delay on its face is substantial, it does not constitute a valid ground for relief from the [Parole] Board's decision, even if it were [sic] held to be unreasonable and inexcusable. The remedy for the [Parole] Board's failure to timely act on an appeal is a petition for mandamus in this Court's original jurisdiction to require the [Parole] Board to issue its decision, not reversal of an otherwise correct decision after it has been issued…. Moreover, a delay in issuing a decision on a parole appeal does not violate an inmate's due process rights if the delay does not harm the inmate's ability to obtain the full relief he seeks….

Slip op. at 7-8 (citations omitted).

Here, Smoak does not allege that he suffered any prejudice from the Parole Board's delay in responding to his administrative appeal. Further, Smoak was not prejudiced by the Parole Board taking approximately 18 months to respond

7

to his petition for administrative review. After receiving Smoak's administrative appeal, the Parole Board remedied the error by modifying the June 23, 2016, recommitment order to provide Smoak with the reason for its decision to deny him credit for time spent at liberty on parole. Thus, rather than suffering any prejudice from the delay, Smoak benefitted, because he received a statement of reasons for why he was denied credit for his street time.[7]

For these reasons, we affirm the Parole Board's order.

_____
MARY HANNAH LEAVITT, President Judge

---

[7] Additionally, even if the Parole Board did not timely respond to Smoak's administrative appeal, his remedy would have been to file a mandamus action seeking to compel the Board to issue its decision. *See Slotcavage*, 745 A.2d at 91, n.3. He did not do so.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Darrell Smoak, :
                 Petitioner :
  :
         v. : No. 112 C.D. 2018
  :
John J. Talaber, Esquire, Secretary :
Pennsylvania Board of :
Probation and Parole, :
              Respondents :

# **O R D E R**

AND NOW, this 11th day of September, 2018, the order of Pennsylvania Board of Probation and Parole, dated December 19, 2017, is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge