IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Harvey Hoover, : 
          Petitioner : 
     : No. 609 C.D. 2017
        v. : 
     : Submitted: October 19, 2018
Pennsylvania Board of : 
Probation and Parole, : 
          Respondent : 


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
               HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge


***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                FILED: February 15, 2019


Harvey Hoover (Petitioner) petitions for review of the April 28, 2017 order of the Pennsylvania Board of Probation and Parole (Board), which dismissed his petition for administrative review and affirmed the determination to recommit him as a convicted parole violator and extend his maximum sentence expiration date.


**Facts and Procedural History**

This case was previously before the Court. *See Hoover v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 609 C.D. 2017, filed October 27, 2017). In that case, we set forth the following facts:

> Petitioner was originally sentenced to a term of incarceration of 6 to 15 years following his plea of guilty to a charge of manslaughter in 2007. His original maximum sentence date

was October 10, 2022. Petitioner was released on parole in 2013 following expiration of his minimum sentence. In August 2014, Petitioner was arrested and charged with public drunkenness after he was involved in a fight with his ex-girlfriend who obtained a protection from abuse order as a result of the incident. Petitioner was arrested again in November 2014 following a home invasion and charged with robbery, aggravated assault, simple assault, and criminal mischief. During this home invasion, Petitioner stomped the victim in the face and torso, punched the victim, and ransacked the victim's apartment. (Certified Record (C.R.) at 1-16, 41.)

The Board issued a warrant to commit and detain Petitioner. Petitioner remained in the county prison unable to post bail. On October 1, 2015, Petitioner pled guilty to simple assault and disorderly conduct in return for having all other charges *nolle prossed*. The Board thereafter issued a notice of charges and a parole revocation hearing. Petitioner, however, waived his right to a hearing and admitted to the aforementioned convictions. By decision dated December 2, 2015, the Board recommitted Petitioner as a convicted parole violator to serve 24 months['] backtime pending his return to a state correctional institution. The Board noted that it relied on Petitioner's admissions as evidence for its decision. Additionally, while the normal backtime for a simple assault was only 9 to 15 months, the Board noted an aggravating reason of continued violent convictions for the increased backtime. The Board did not modify Petitioner's maximum sentence date in this order. (C.R. at 17-68.)

Petitioner submitted an administrative remedies form alleging that he was convicted of a summary offense of disorderly conduct and that simple assault was not a violent conviction. Having received no response from the Board, Petitioner sent a letter dated March 29, 2016, inquiring as to his appeal. The Board thereafter issued a decision dated April 13, 2016, which modified its December 2, 2015 decision by deleting the reference to the offense of disorderly conduct. Petitioner again submitted an administrative remedies form alleging that the Board should have reconsidered the imposition of 24 months['] backtime in light of the removal of the disorderly conduct offense. By

2

decision mailed May 18, 2016,[] the Board affirmed its previous decision. The Board noted that the recommitment for the disorderly conduct conviction was a typo that was corrected by its April 13, 2016 decision. The Board also concluded that the enhanced 24 months['] backtime was justified in light of Petitioner's continued violent convictions. While acknowledging that simple assault was not a statutory violent offense, the Board stated that the offense was still assaultive in nature and, therefore, could be classified as violent.[] (C.R. at 69-80.)

By decision dated September 1, 2016, the Board recalculated Petitioner's maximum sentence date to November 24, 2024. Petitioner submitted an administrative remedies form challenging this recalculation in excess of 24 months. Petitioner noted that the time period between his parole and arrest on new criminal charges was only 13 months and, hence, his recalculation should be limited to this time period. By decision mailed April 28, 2017,[] the Board affirmed its previous decision. The Board explained that at the time Petitioner was paroled on October 10, 2013, he had 3,287 days remaining on his maximum sentence. The Board noted that it chose not to grant Petitioner any credit for time spent at liberty on parole. The Board also noted that Petitioner did not become available to serve his original sentence until January 7, 2016, and adding 3,287 days to that date result[ed] in a new maximum sentence date of November 24, 2024. Petitioner thereafter filed a petition for review with this Court.[] (C.R. at 81-92.)

*Hoover*, slip op. at 1-4. In his petition for review, Petitioner raised the following arguments: The Board erred in (1) improperly modifying a judicially imposed maximum sentence and improperly denying him credit for time spent in good standing on parole; (2) recommitting him to a period of backtime in excess of the presumptive range; and (3) forcing him to serve his new sentence before his original sentence. *Id.* at 4.

On December 14, 2017, this Court filed a memorandum opinion and order affirming the Board on all issues raised by Petitioner, with the exception of one.

3

Specifically, we remanded for further consideration of Petitioner's allegation that the Board improperly denied him credit for time spent in good standing on parole. Indeed, the Board acknowledged in its brief that it failed to comply with *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466 (Pa. 2017), in that it did not provide Petitioner with specific reasons for denying him credit. As a result, we remanded the matter to the Board to do so.

The Board issued a new decision on June 6, 2018, explaining the reason for its decision not to award Petitioner credit for time spent at liberty on parole: "Conviction was assaultive in nature." (Supplemental Record.) As directed by this Court, both parties filed supplemental briefs addressing the sufficiency of the Board's reason for denying Petitioner credit.

## Discussion[1]

Pursuant to *Pittman*, the Board must "provide a contemporaneous statement explaining its reason for denying a [convicted parole violator] credit for time spent at liberty on parole." 159 A.3d at 475. However, "the reason the Board gives does not have to be extensive and a single sentence explanation is likely sufficient in most instances." *Id.* at 475 n.12. In *Smoak v. Pennsylvania Board of Probation and Parole*, 193 A.3d 1160, 1165 (Pa. Cmwlth. 2018), we found the five-word explanation, "unresolved drug and alcohol issues," sufficient—albeit, "just barely."

Here, the Board satisfied *Pittman* by providing sufficient explanation in its June 6, 2018 letter, which indicated that it denied Petitioner credit due to the assaultive nature of his simple assault conviction while on parole for his manslaughter

---

[1] Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with the law, and whether necessary findings were supported by substantial evidence. 2 Pa.C.S. §704; *Adams v. Pennsylvania Board of Probation and Parole*, 885 A.2d 1121, 1122 n.1 (Pa. Cmwlth. 2005).

conviction. Indeed, Petitioner had a history of violent altercations. As we noted in our prior opinion, the record reveals the following:

> Petitioner's original voluntary manslaughter conviction, with provocation by victim; a detainer from the state of New York for attempted robbery in the 2nd degree; an arrest for public drunkenness in August 2014, following a physical altercation with his ex-girlfriend; and the latest conviction for simple assault which was described in a criminal complaint as Petitioner stomping the face and torso of a victim several times during an attempted robbery in the victim's apartment and ransacking that apartment looking for money.

*Hoover*, slip op. at 7.

Accordingly, because the Board provided sufficient explanation for its decision, and, thus, properly exercised its discretion, the Board's April 28, 2017 order is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Harvey Hoover,                             :
            Petitioner                     :
                                           :   No.  609 C.D. 2017
        v.                                 :
                                           :
Pennsylvania Board of                      :
Probation and Parole,                      :
            Respondent                     :

## ***ORDER***

AND NOW, this 15th day of February, 2019, the April 28, 2017 order of the Board of Probation and Parole is hereby affirmed.

_____
PATRICIA A. McCULLOUGH, Judge