IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Baldwin,                           :
                        Petitioner      :
                                        :
        v.                              :       No. 907 C.D. 2018
                                        :       Submitted: February 8, 2019
Pennsylvania Board of Probation         :
and Parole,                             :
                        Respondent      :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE ROBERT SIMPSON, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE SIMPSON                        FILED: April 2, 2019

John Baldwin (Baldwin) petitions for review from an order of the Pennsylvania Board of Probation and Parole (Board) that denied his administrative appeal from a Board recommitment and recalculation order. Baldwin argues the Board abused its discretion and failed to provide an adequate explanation when it denied him credit for his time spent at liberty on parole. We vacate the Board's order in part and remand to the Board to issue a new decision explaining its credit determination so as to sufficiently enable appellate review and to correct any error in exercising its discretion that it may discern based on the facts and Baldwin's individual circumstances.

**I. Background**

In 1990, Baldwin received a sentence of 5-to-20-years in prison for murder in the third degree and possession with intent to deliver a controlled substance. He was released on parole in June 1995. However, in September 1996,

Baldwin was arrested on new charges of possession with intent to deliver, for which he received a 5-to-10-year sentence in March 1997. He was constructively reparoled in February 2000, but remained in prison serving the second sentence.

Baldwin was reparoled again in October 2003. From that time until August 2012, Baldwin was on parole without incident. During that time, he maintained stable housing with his wife and children. He held steady gainful employment, attaining union membership as an electrician and also serving as a safety inspector. He complied with his curfew, underwent a successful drug and alcohol evaluation, and obtained consistent negative drug screenings. His parole officer reported Baldwin incurred no infractions of any kind throughout that period. Certified Record (C.R.) at 71.

Baldwin was arrested in 2010 for suspicion of possessing marijuana, but that charge was dismissed. Notably, his parole officer concluded at that time that Baldwin should be allowed to continue on parole because he was "amenable to supervision" and "involved in counseling," and because he had a "stable residence" and "steady employment." C.R. at 25 (emphasis added).

In August 2012, Baldwin voluntarily surrendered to federal authorities following his indictment on charges of possession with intent to deliver oxycodone, arising from incidents that occurred in March and April 2012. In May 2013, Baldwin pleaded guilty to three federal charges. He received a federal sentence of 66 months in prison followed by 5 years of supervised release.

In June 2017, Baldwin was transferred from federal custody to the State Correctional Institution at Graterford. Following a recommitment hearing, the Board issued a notice of decision and a recommitment order, recalculating Baldwin's maximum parole date to June 13, 2030. In its recalculation, the Board denied credit for the nearly nine years Baldwin spent on parole from 2003 to 2012. The Board's explanation for denying credit was "poor supervision history." C.R. at 90.

Baldwin filed an administrative appeal raising a number of issues, including the Board's denial of sentence credit for his time on parole. The Board affirmed its prior decision.

Baldwin filed a timely petition for review to this Court. He seeks an order vacating the Board's decision and remanding to the Board for recalculation of his maximum parole date to reflect credit for the nearly nine years he spent at liberty on parole from 2003 to 2012.[1]

## II. Discussion

On appeal,[2] Baldwin asserts the Board abused its discretion by denying him credit for the time he spent at liberty on parole, without an adequate and accurate statement of the reason for denying credit. We discern merit in this argument.

---

[1] In his petition for review, Baldwin raised additional issues. However, he expressly abandoned the other issues in his brief. See Pet'r's Br. at 6 n.1.

[2] "Our review of the Board's decision is limited to determining whether constitutional rights were violated, whether the decision is in accordance with the law, or whether necessary findings are supported by substantial evidence." Kerak v. Pa. Bd. of Prob. & Parole, 153 A.3d 1134, 1138 n.9 (Pa. Cmwlth. 2016).

When a parolee commits a new crime punishable by imprisonment, Section 6138(a)(1) of the Prisons and Parole Code (Code), 61 Pa. C.S. §6138(a)(1), empowers the Board to recommit the parolee as a convicted parole violator (CPV) to serve the remainder of his original sentence. Section 6138(a)(2.1) of the Code, 61 Pa. C.S. §6138(a)(2.1), confers discretion on the Board, upon recommitment, to award sentence credit for some or all time spent at liberty on parole, except when the recommitment involves enumerated offenses not at issue here.

While on parole, Baldwin was convicted of three federal drug offenses related to possession with intent to deliver oxycodone. Thus, the Board was empowered to recommit him as a CPV. The Board also had discretion to award or deny credit for the time Baldwin spent on parole from 2003 to 2012.

However, when the Board exercises its discretion to deny credit for time spent at liberty on parole, it must state its reasons for doing so. Pittman v. Pa. Bd. of Prob. & Parole, 159 A.3d 466 (Pa. 2017). The Board's statement of reasons need not be extensive; "a single sentence explanation is likely sufficient in most instances." Id. at 475 n.12. Nonetheless, the explanation must be sufficient to enable a reviewing court to assess the Board's exercise of discretion. Id. at 474. This Court is able to perform such an assessment where the Board's stated reason is accurate and relates to the parolee's conduct. See Marshall v. Pa. Bd. of Prob. & Parole (Pa. Cmwlth., No. 172 M.D. 2018, filed August 24, 2018), 2018 Pa. Commw. LEXIS 746 (unreported).[3] "There must be safeguards to ensure against arbitrary decision-

---

[3] We cite this Court's unreported decision in Marshall as persuasive authority pursuant to 210 Pa. Code §69.414(a).

4

making." Id., slip op. at 11 (citing Peak v. Unemployment Comp. Bd. of Review, 5015 A.2d 1383 (Pa. 1985)).

The facts in this case closely parallel those in Marshall. Marshall received a sentence of 11 to 22 years for third degree murder and robbery. He was paroled 10 years later and remained at liberty for almost 9 years before he was arrested and charged with drug-related offenses. The Board recommitted Marshall as a CPV, and denied credit for his time at liberty on parole.

The Board's stated reason for denying credit was Marshall's "'felony drug[-]related crimes.'" Id., slip op. at 2 (quoting record). Marshall, like Baldwin here, challenged the adequacy and accuracy of the Board's explanation. Marshall argued the Board abused its discretion and violated the constitutional requirements of Pittman by denying credit for time on parole "'without conducting any individual assessment of the facts and circumstances surrounding his parole revocation.'" Marshall, slip op. at 8 (quoting Pittman, 159 A.3d at 474) (emphasis in Marshall). This Court agreed.

In Marshall, this Court cataloged a number of prior decisions where brief statements by the Board were sufficient to enable assessment of the Board's exercise of discretion. See id., slip op. at 10. We distinguished those cases, however, because "in none of the prior cases has the Board used as few words that have no apparent relationship to the parolee." Id., slip op. at 11 (emphasis added). Cf. Vieldhouse v. Pa. Bd. of Prob. & Parole (Pa. Cmwlth., No. 803 C.D. 2018, filed March 1, 2019), slip op. at 2, 8-9, 2019 Pa. Commw. Unpub. LEXIS 116

5

(unreported) (Board's stated reason that "'adjustment to supervision [was] poor'" was sufficient where Board also "noted that [parolee] failed to inform his parole agent that he changed residences, was laid off from his job, and was released from an inpatient rehabilitation center, and that he did not attend a scheduled meeting with the agent"; and additionally, parolee "went on a crime spree during his latest release on parole" involving "a multitude of offenses" under four criminal dockets in two counties, including "driving under the influence, forgery, home improvement fraud, theft by unlawful taking, terroristic threats, and flight to avoid apprehension").

This Court in Marshall compared and distinguished Smoak v. Pennsylvania Board of Probation & Parole, 193 A.3d 1160 (Pa. Cmwlth. 2018). In Smoak, the Board denied credit for time on parole because of "unresolved drug and alcohol issues." Id. at 1163. That reason was adequate to enable assessment of the Board's exercise of discretion, because it "was accurate and related to the parolee's offenses." Marshall, slip op. at 10. By contrast, in Marshall, we concluded "it remains unclear how a drug-related conviction warrants denying credit for almost nine years of street time, which is more than the sentence Marshall received for his new conviction." Id., slip op. at 9.

We find the reasoning of Marshall persuasive here. The Board's reason for denying Baldwin credit for time on parole was stated in three words, "poor supervision history." C.R. at 90. This explanation is facially inconsistent with Baldwin's spotless record of compliance with parole supervision for almost nine years, as documented by his parole supervisor, as well as the parole supervisor's express conclusion that Baldwin was "amenable to supervision." C.R. at 25, 71. As

6

in <u>Marshall</u>, the Board's explanation "involve[s] an unexplained inaccuracy in the stated reason," in that it has "no apparent relationship to the parolee." <u>Marshall</u>, slip op. at 11. Without further individualized explanation, the Board's stated reason for denying credit is inadequate because it does not enable this Court to assess the propriety of the Board's exercise of discretion.

Here, as in <u>Marshall</u>, a remand is necessary in order for the Board to provide a statement of reasons that will "accurately reflect the facts informing its decision." <u>Id.</u>, slip op. at 13. An accurate statement of reasons by the Board will "ensure this Court has a proper decision, capable of review, before it." <u>Id.</u>, slip op. at 12 (citing <u>Newman Dev. Grp. of Pottstown, LLC v. Genuardi's Family Mkts., Inc.</u>, 52 A.2d 1233 (Pa. 2012)). Therefore, we remand to allow the Board to explain its exercise of discretion in its credit determination, as well as to correct any error in exercising that discretion based on the facts and Baldwin's individual circumstances.

## III. Conclusion

Based on the foregoing, we vacate the Board's order in part and remand to the Board for the limited purpose of articulating the reasons for its credit determination, based on the facts and Baldwin's circumstances, and in accordance with the requirements of <u>Pittman</u>.

_____
ROBERT SIMPSON, Judge

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Baldwin,                          :
              Petitioner        :
                                              :
       v.                             :   No. 907 C.D. 2018
                                              :
Pennsylvania Board of Probation        :
and Parole,                            :
              Respondent        :

# **O R D E R**

**AND NOW**, this 2nd day of April, 2019, the portion of the order of the Pennsylvania Board of Probation and Parole (Board) revoking parole is **AFFIRMED**. The portion of the Board's order denying credit for time spent at liberty on parole is **VACATED**. This matter is **REMANDED** to the Board to issue a new decision in order to explain its exercise of discretion in its credit determination as to the time Petitioner John Baldwin spent at liberty on parole from October 2003 to August 2012, as well as to correct any error in exercising that discretion the Board may discern based on the facts and Baldwin's individual circumstances.

          Jurisdiction is relinquished.

                                           ————————————————
                                          ROBERT SIMPSON, Judge