IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Frank Monek,                          :
                    Petitioner             :
                                           :
            v.                             :
                                           :
Pennsylvania Board of                      :
Probation and Parole,                      :    No. 795 C.D. 2019
                    Respondent             :    Submitted: December 6, 2019


BEFORE:     HONORABLE MARY HANNAH LEAVITT, President Judge
            HONORABLE ANNE E. COVEY, Judge
            HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON              FILED:  April 27, 2020


            John Frank Monek (Monek) petitions for review from the May 23, 2019 order of the Pennsylvania Board of Probation and Parole (Board) denying Monek's request for administrative relief that challenged the Board's March 1, 2019 Order to Recommit Monek by alleging that the Board failed to put forth a sufficient reason to deny him credit for time spent at liberty prior to his recommitment for parole violations.  For the following reasons, we affirm.

            On September 15, 2015, Monek was sentenced to two terms of three to seven years' incarceration for Criminal Trespass and Aggravated Harassment By a Prisoner.  *See* Sentence Status Summary, Certified Record (C.R.) at 1-3.  On May 26, 2016, Monek was granted parole subject to multiple Conditions Governing Parole/Reparole (Conditions of Parole), which conditions Monek acknowledged by

signing the Conditions of Parole prior to his release. *See* Conditions of Parole, C.R. at 8-10. The Conditions of Parole required Monek, among other things, to: (1) reside in an approved residence not to be changed without written permission of parole supervision staff (Condition 2); (2) maintain regular contact with parole supervision staff by reporting regularly as instructed and following written instructions of the Board or parole supervision staff (Condition 3(a)); and (3) comply with special conditions imposed by the Board or parole supervision staff (Condition 7). *See id.* Also included among Monek's special conditions of parole were the additional requirements that he "not consume or possess alcohol under any condition for any reason[,]" and "not enter establishments that sell or dispense alcohol except as approved by parole supervision staff." Condition 7, C.R. at 9. Additionally, the Conditions of Parole warned Monek as follows:

> If you are convicted of a crime committed while on parole/reparole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled/reparoled, with no credit for time at liberty on parole.

Conditions of Parole, C.R. at 8. Monek was ultimately released on parole on September 6, 2016. *See* Order to Release on Parole/Reparole dated May 26, 2016, C.R. at 7.

After failing to report to his parole agent as instructed, Monek was declared delinquent from parole effective November 8, 2017. *See* Board Administrative Action recorded Nov. 28, 2017, C.R. at 12; Notice of Charges and Hearing executed Dec.13, 2017, C.R. at 19-20. A warrant issued and Monek was arrested on December 5, 2017. *See* Warrant to Commit and Detain dated Dec. 5,

2

2017, C.R. at 13; Technical Violation Arrest Report executed Dec. 13, 2017, C.R. at 22-23. Monek waived his right to counsel and his revocation hearing and admitted to three technical parole violations. *See* Waiver of Violation Hearing and Counsel/Admission Form executed Dec. 20, 2017, C.R. at 15. As a result, Monek was detained in a Parole Violator Center until February 2018. *See* Order to Cancel Warrant to Commit and Detain dated Feb. 1, 2018, C.R. at 28.

On February 1, 2018, Monek completed his time in the Parole Violator Center and was transferred to the Self-Help Community Corrections Facility in Philadelphia (Self-Help). On February 28, 2018, parole authorities presented Monek with an additional special condition of parole that instructed, in pertinent part:

> Upon your release from Self[-]Help you must immediately report to Keystone Correctional [Facility,] 7201 Allentown Blvd Harrisburg, PA 17112[,] (717) 651-0340. No side trips.
>
> Failure to report will be [a] violation of parole.

Special Condition of Parole dated Feb. 28, 2018 (Special Condition), C.R. at 29.[1]

Monek did not report to the Keystone Correctional Facility upon his release from Self-Help on March 1, 2018. *See* Supervision History executed Apr. 4, 2018, C.R. at 57-59. Accordingly, Monek was declared delinquent effective March 1, 2018. *Id.* On March 10, 2018, the Elizabethtown Police Department arrested Monek on the new criminal charges of Driving Under the Influence of Alcohol (DUI) and False Identification to Law Enforcement (False Identification) (collectively, the new criminal charges). *Id.*; *see also* Criminal Complaint filed Mar.

---

[1] Monek refused to sign the Special Condition, but makes no contention that he did not receive or review it or was otherwise unaware of the Special Condition or its contents.

12, 2018, C.R. at 31-25. The Board lodged a detainer against Monek for the new criminal charges and violations of Conditions 2 and 7, for changing his approved residence without permission and for failing to comply with the Special Condition to report to Keystone Correctional Facility, respectively. *See* Warrant to Commit and Detain dated Mar. 11, 2018, C.R. at 30.

The Board conducted a violation hearing on April 6, 2018. *See* Violation Hearing Notes of Testimony, Apr. 6, 2018 (N.T. 4/6/2018), C.R. at 65-96. During the hearing, Monek's parole agent testified that Monek's approved residence as of March 1, 2018 was Keystone Correctional Facility, which he was not allowed to change without written permission, and that Monek failed to report to Keystone Correctional Facility as directed. *See* N.T. 4/6/2018 at 7-9, C.R. at 71-73. Monek admitted to the technical violations. *See id.* at 10-11, C.R. at 74-75. He explained that he did not dispute that he intentionally failed to report as directed, and instead offered an explanation of his motivation for his technical parole violations. *Id.* at 10-22, C.R. at 74-86. Based on these admissions, the hearing examiner found substantial evidence of Monek's violations existed, and Monek was recommitted as a technical parole violator for a period of six months. *See* Violation Hearing Report dated Apr. 6, 2018, C.R. at 43-50.

On June 13, 2018, Monek filed an administrative appeal of the Board's decision. *See* Administrative Remedies Form, C.R. at 105-09. In his administrative appeal, Monek argued – as he had at his violation hearing – that the Board improperly revoked his parole for technical violations because substantial evidence had not been put forth to support such a revocation. *Id.* On February 15, 2019, the Board responded by explaining that the record indicated Monek had admitted to all charged technical violations in this matter. *See* Board Response to Administrative

4

Appeal dated Feb. 15, 2019, C.R. at 189. Accordingly, the Board affirmed the April 6, 2018 recommitment order. *Id.*[2]

On August 23, 2018, Monek was convicted on the new criminal charges.[3] The Board received official verification of the new convictions on September 20, 2018 and conducted a parole revocation hearing on December 18, 2018. *See* N.T. 12/18/2018, C.R. at 145-69. At the hearing, Monek again admitted to his prior technical parole violations and further explained that, in early March 2018, anxiety over his transfer from Self-Help in Philadelphia to a facility in Harrisburg and his fears regarding the perceived consequences such a transfer would have on the progress he was endeavoring to make in his life, schooling, and career caused him to seek solace in alcohol. *See* N.T. 12/18/2018 at 11-22, C.R. at 155-66. Based on this hearing, on March 8, 2019, the Board recommitted Monek as a convicted parole violator and, in its discretion, denied him credit for time spent at liberty as a result of Monek's unresolved drug and alcohol issues. *See* Notice of Board Decision dated Mar. 8, 2019 (March 2019 Recommitment Decision), C.R. at 205-06. On April 9, 2019, Monek filed an administrative appeal of the March 2019 Recommitment Decision. *See* Administrative Remedies Form dated Apr. 9, 2019 (Administrative Appeal), C.R. at 300-22. By decision dated May 23, 2019, the

---

[2] Monek's appeal of the Board's February 15, 2019 decision is the subject of a separate appeal currently pending before this Court at *Monek v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth. No. 325 C.D. 2019).

[3] Monek pled guilty to both charges and was sentenced to time served to 23 months and 3 years' probation for the DUI conviction and one year of probation for the False Identification conviction. *See* Court of Common Pleas of Lancaster County Docket No. CP-36-CR-0002144-2018 at 2-3.

Board affirmed the March 2019 Recommitment Decision. *See* Response to Administrative Appeal dated May 23, 2019, C.R. at 323-24. This appeal followed.[4]

On appeal, Monek claims that the Board abused its discretion by failing to provide him with an adequate reason for denying him credit for his street time. *See* Monek's Brief at 14-20. He does not argue that the Board lacked the authority to deny him street time, but instead asserts that taking all his street time was excessive under the circumstances and that the Board failed to articulate adequate reasons for so doing. *Id.* at 14. We do not agree.

Parolees convicted of new criminal offenses committed while on parole are subject to recommitment as convicted parole violators and may, in the Board's discretion, lose credit for *all* "time at liberty on parole," also known as "street time," upon recommitment. *See Pittman v. Pa. Bd. of Prob. & Parole*, 159 A.3d 466, 474 (Pa. 2017); *see also* 61 Pa.C.S. § 6138(a)(1)-(2.1) (explaining that if the parolee is recommitted as a convicted parole violator, the parolee shall be given no credit for the time spent at liberty on parole unless the Board, in its discretion, decides to award the time as provided therein). When exercising its discretion to deny convicted parole violators street time credit, "the Board must provide a contemporaneous statement explaining its reason for denying a [convicted parole violator] credit for time spent at liberty on parole." *Pittman*, 159 A.3d at 475. However, "the reason the Board gives does not have to be extensive and a single sentence explanation is likely sufficient in most instances." *Id.* at 475 n.12.

---

[4] Our scope of review of the Board's decision denying administrative relief is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed or whether constitutional rights have been violated. *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013).

Here, at his revocation hearing following his new convictions for DUI and False Identification, Monek testified that learning that he would be required to report to a facility in Harrisburg after finishing at Self-Help in Philadelphia put him under great stress. *See* N.T. 12/18/2018 at 15-22, C.R. at 159-66. He attempted to resolve the matter with his parole supervisors, but was unsuccessful. *Id.* Monek explained that, instead of reporting to the facility in Harrisburg as directed, he went to the lounge of the hotel in which he was staying and consumed alcohol. *Id.* This behavior, Monek explained, resulted in his DUI conviction. *See* N.T. 12/18/2018 at 18-19, C.R. at 162-63.[5]

Based in part on this testimony,[6] on March 1, 2019, the Board recommitted Monek to serve six months as a convicted parole violator. *See* Notice of Board Decision dated Mar. 1, 2019, C.R. at 205-06. The Board also exercised its discretion to not award Monek any credit for his street time due to "unresolved drug and alcohol issues." *Id.*

Recently, this Court found "unresolved drug and alcohol issues" to be an adequate reason for the Board's denial of street time. *See Smoak v. Talaber*, 193 A.3d 1160, 1165 (Pa. Cmwlth. 2018). In *Smoak*, an individual convicted of possession with intent to deliver narcotics reported to his parole officer for a urinalysis and was discovered to have a rubber glove filled with urine on his person. *Id.* at 1162. Following his conviction for furnishing drug-free urine, the Board recommitted the individual as a convicted parole violator and denied him credit for

---

[5] Monek had previously made the same admissions and given the same explanations for his actions at his parole revocation hearing in April 2018 and in his Administrative Appeal filed in June 2018. *See* N.T. 4/6/2018, C.R. at 65-96; *see also* Administrative Appeal, C.R. at 105-09.

[6] Prior to Monek's testimony, his parole officer testified and certified copies of Monek's DUI and False Identification convictions were offered into evidence. *See* N.T. 12/18/2018 at 6-8, C.R. at 150-52.

his street time for the stated reason of "unresolved drug and alcohol issues." *Id.* at 1165. This Court held that the Board's reason to deny street time was sufficient, albeit just barely so. *Id.*

Likewise here, Monek admitted to using alcohol and patronizing an establishment that served alcohol without permission from his parole supervisor. Further, this admitted alcohol use directly resulted in new convictions for DUI and False Identification. Based on Monek's admissions, the Board denied Monek credit for street time for "unresolved drug and alcohol issues." The Board's reason for denying street time is sufficient and not an abuse of its discretion. *See Smoak*.

To the extent Monek argues that the Board abused its discretion by taking away all, instead of a smaller portion, of his accumulated street time because he had good reason to seek solace in alcohol, we disagree that the Board abused its discretion. As stated, the Board may in its discretion deny a convicted parole violator *all* credit for "time at liberty on parole" and, therefore, need not award credit for some smaller portion of street time. *Pittman*, 159 A.3d at 474; *see also* 61 Pa.C.S. § 6138(a)(1)-(2.1). Consequently, we see no error in the Board's exercise of its discretion to not award Monek credit for a smaller portion of the street time and to deny credit for all street time in these circumstances. *See Smoak*.

Accordingly, we affirm.


_____
CHRISTINE FIZZANO CANNON, Judge


8

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Frank Monek,                          :
          Petitioner                          :
                                        :
          v.                          :
                                          :
Pennsylvania Board of                      :
Probation and Parole,                      :    No. 795 C.D. 2019
          Respondent                         :

## O R D E R

AND NOW, this 27th day of April, 2020, the May 23, 2019 order of the Pennsylvania Board of Probation and Parole is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge