IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Smagalski,                          :
              Petitioner           :
                                     :
                                     :   No.  959 C.D. 2020
      v.                                   :
                                     :   Submitted:  March 5, 2021
Pennsylvania Parole Board,                   :
              Respondent          :


BEFORE:   HONORABLE MARY HANNAH LEAVITT, Judge
               HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE J. ANDREW CROMPTON, Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                     FILED:  April 23, 2021


        Michael Smagalski (Petitioner) petitions for review from an order of the Pennsylvania Parole Board (Board), mailed on September 4, 2020, which affirmed in part and reversed in part his petition for administrative review from the Board's decision mailed on June 12, 2020, and recalculated his maximum sentence date to March 9, 2024.[1]  Petitioner contends that the Board, in recommitting him as a convicted parole violator (CPV), provided a legally insufficient explanation for denying him credit for time spent while at liberty on parole and, therefore, abused its discretion.  We affirm.

---

[1] In its September 4, 2020 order, the Board reversed its previous decision to the limited extent that it had calculated Petitioner's maximum sentence date as March 10, 2024, and granted Petitioner pre-sentence credit for one day, thereby recalculating his new maximum sentence date as March 9, 2024.  In all other respects, the Board affirmed its prior decision.

The facts germane to the legal issue presented are as follows. On September 13, 2013, Petitioner pled guilty to two felony counts of possession with intent to manufacture or deliver a controlled substance. A court of common pleas sentenced Petitioner to three years and four months to eight years' imprisonment at a State Correctional Institution (SCI). Petitioner's original minimum and maximum sentence dates were May 7, 2016, and January 7, 2021, respectively. (Certified Record (C.R.) at 1-3.)

By decision recorded August 4, 2016, the Board granted Petitioner parole, and he was paroled to an approved home plan on September 29, 2016. While on parole, the Norristown Police Department arrested Petitioner for attempting to alter the results of his drug test, and Petitioner was charged with a criminal offense and detained at the Montgomery County Prison. During his incarceration, Petitioner was also charged with drug-related offenses arising from an incident that occurred on September 19, 2019, when he was arrested by the Towamencin Township Police. By Board decision recorded November 4, 2019, the Board detained Petitioner pending the disposition of his criminal charges. On January 16, 2020, Petitioner pled guilty to one count of furnishing a drug-free urine—use or attempt, a misdemeanor offense, and one count of possession of a controlled substance, also a misdemeanor offense. That same day, a trial judge from the Court of Common Pleas of Montgomery County sentenced Petitioner to an aggregate term of 3 months to 23 months' imprisonment, to be followed by 1 year of probation. (C.R. at 4-8, 14-17, 26, 47-51.)

On March 11, 2020, the Board held a revocation hearing. Following the hearing, the Board's hearing examiner and a member of the Board voted to recommit Petitioner as a CPV with no credit for time spent at liberty on parole. In a decision mailed on June 12, 2020, the Board formally recommitted Petitioner as a CPV, to

2

serve 12 months of backtime, and with no credit for time spent at liberty on parole. Reiterating the reasons set forth by the Board's hearing examiner and member, the Board stated that it did not award Petitioner any credit because he (1) "committed a new conviction that [was] the same or similar to the original offense"; and (2) "continues to demonstrate unresolved drug and/or alcohol issues." (C.R. at 90-91, 119-20.)

Thereafter, Petitioner filed a petition for administrative review with the Board. In a decision mailed on September 4, 2020, the Board recalculated Petitioner's maximum sentence date to March 9, 2024. In so doing, the Board concluded that it had articulated sufficient reasons not to award Petitioner any credit for time spent at liberty on parole.

Before this Court,[2] Petitioner argues that when deciding whether to award credit for time spent at liberty on parole, the Board "should be required to treat [] parolees in a fair and reasonable manner balancing both their progress in being rehabilitated and the nature and type of any new conviction." (Petitioner's Br. at 13-14.) Petitioner asserts that the Board did not adequately consider his mitigating circumstances, including the fact that he suffers from alcoholism and mental health issues, and that a review of his personal history "would reveal enough positive progress to enable him to be awarded all or partial credit for the period of his parole." *Id.* at 14. Petitioner further contends that his most recent convictions "were not similar to" and were "substantially less serious than his original conviction," and that

---

[2] Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *McCloud v. Pennsylvania Board of Probation and Parole*, 834 A.2d 1210, 1212 n.6 (Pa. Cmwlth. 2003).

the Board abused its discretion "by arbitrarily and unreasonably treating minor misdemeanors in the exact same manner as a felony." *Id.* at 14, 18.

Section 6138(a)(2.1) of the Prisons and Parole Code (Parole Code) vests the Board with discretion to grant a CPV with credit for time spent at liberty on parole. *See Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466, 469 (Pa. 2017). This provision states, in relevant part: "The [B]oard may, in its discretion, award credit to a parolee recommitted [as a CPV] for the time spent at liberty on parole," unless the parolee commits a crime enumerated in the statute. 61 Pa.C.S. §6138(a)(2.1).[3] In *Pittman*, our Supreme Court concluded that if the Board exercises its discretion pursuant to section 6138(a)(2.1) and denies credit, it "must provide a contemporaneous statement explaining its reason for denying a CPV credit for time spent at liberty on parole." *Id.* at 475. The Supreme Court observed that the Board's statement need not "be extensive and a single sentence explanation is likely sufficient in most instances." *Id.* at 475 n.12.

Although our Supreme Court in *Pittman* did not prescribe criteria for a sufficient reason for a credit denial under section 6138(a)(2.1) of the Parole Code, this Court has explained that, as a general matter, the Board's given reason(s) must be "accurate and related to the parolee's offenses," *Marshall v. Pennsylvania Board of Probation and Parole*, 200 A.3d 643, 650 (Pa. Cmwlth. 2018), and "documented by the record." *Plummer v. Pennsylvania Board of Probation and Parole*, 216 A.3d 1207, 1212 (Pa. Cmwlth. 2019). In *Smoak v. Talaber*, 193 A.3d 1160 (Pa. Cmwlth. 2018), this Court determined that the Board's five-word reason for denying credit for

---

[3] The present convictions giving rise to Petitioner's recommitment as a CPV do not fit within the categories of offenses that bar an award of credit and, thus, the Board was obligated to exercise its discretion and decide whether Petitioner should receive credit for time spent at liberty on parole.

4

street time—"unresolved drug and alcohol issues"—was "just barely sufficient" to satisfy *Pittman*'s contemporaneous statement requirement. *Id.* at 1164-65. In other cases, we have concluded that the following reasons provided by the Board, individual and/or conjointly, were adequate and complied with *Pittman*: "conviction involved possession of a weapon"; "extensive history of illegal drug involvement" plus "new drug-related conviction," *Marshall*, 200 A.3d at 650-51; "[n]ew conviction same/similar to the original offense" plus "poor adjustment under supervision," *Faircloth v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 796 C.D. 2019, filed January 27, 2020) (unreported), slip op. at 7; and "new conviction same/similar to the original offense," by itself and standing alone. *Lawrence v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 1132 C.D. 2018, filed April 12, 2019) (unreported), slip op. at 9.[4]

In *Williams v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 1243 C.D. 2018, filed August 21, 2019) (unreported), this Court reviewed the sufficiency of the Board's single-sentence reason for denying credit, "new conviction same/similar to the original offense," and concluded that the Board did not abuse its discretion in proffering that reason where the record reflected the petitioner, while on parole, was convicted of the same or similar offense as his earlier offenses. In that case, the petitioner was originally convicted of possession with intent to deliver a controlled substance and was convicted of the same offense while he was on parole. In affirming the Board's decision to deny the petitioner credit, we reasoned as follows:

---

[4] We cite *Faircloth* and *Lawrence*, both unreported decisions, and any other unreported decision, for their persuasive value in accordance with section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

[T]he record now before the Court reveals that the Board provided [the petitioner] with a sufficient contemporaneous statement supporting its decision to deny him credit for the time served on parole to satisfy the *Pittman* standard and, therefore, did not abuse its discretion. Here, the Board did not merely restate the offense for which [the petitioner] was most recently convicted. Rather, the Board clearly considered the individual circumstances surrounding [the petitioner's] parole revocation, as the Board compared [the petitioner's] original convictions and most recent conviction and determined that [the petitioner's] "new conviction [was the] same/similar to [his] original offense." This determination that, despite being granted parole, [the petitioner] was once again convicted of the "same" or "similar" offense as his earlier offenses is borne out by the record . . . . The Board, therefore, appropriately applied the *Pittman* standard by providing its rationale for its decision, and the rationale given is not manifestly unreasonable, or the result of partiality, prejudice, bias or ill will.

Moreover, this Court in *Lawrence* recently concluded that this same rationale offered by the Board was sufficient for purposes of *Pittman* where the [CPV's] new conviction and original offense were both drug-related. While our decision in *Lawrence* is not binding, it nevertheless bolsters our analysis in this matter. Based on the above analysis, we conclude that the Board did not abuse its discretion by not crediting [the petitioner] for his time spent at liberty on parole.

*Williams*, slip op. at 11-12 (internal citations omitted).

Here, the Board denied Petitioner credit because he "committed a new conviction that [was] the same or similar to the original offense" and "continues to demonstrate unresolved drug and/or alcohol issues." (C.R. at 90-91, 119-20.) Consistent with our case law above, the Board articulated sufficient reasons for denying Petitioner credit. The Board's reasons were also accurate, related to Petitioner's current offenses, and find support in the record. As part of his original

6

sentence, Petitioner pled guilty to two felony counts of possession with intent to manufacture or deliver a controlled substance. While on parole, Petitioner was convicted of a crime for unlawfully attempting to alter a drug test and a misdemeanor count of possession of a controlled substance. Although the drug charges for which Petitioner was originally convicted were arguably more severe than his most recent drug conviction, in terms of the statutory grading of criminal offenses, the convictions were nevertheless "similar" offenses because, as in *Lawrence*, they were all "drug-related offenses," *id.*, slip op. at 1-2, and specifically involved the unlawful act of possessing a controlled substance. Moreover, Petitioner's history of drug-related convictions, combined with his recent conviction of a crime for attempting to alter a drug test and his admitted problems with alcohol, support the Board's determination that Petitioner has unresolved drug and/or alcohol-related issues.

The Court expressly acknowledges the statements in Petitioner's brief that seek to demonstrate that he suffers from hardship and that he is behaving to the best of his ability, considering his individual circumstances. However, these are arguments that are best presented to and considered by the Board because the decision to grant or award credit to a CPV necessitates the Board's exercise of administrative discretion and its unique "expertise in the area." *Penjuke v. Pennsylvania Board of Probation and Parole*, 203 A.3d 401, 413 (Pa. Cmwlth. 2019) (*en banc*), *appeal denied* 228 A.3d 254 (Pa. 2020). As such, "we presume that the Board will act in good faith in discharging [its] statutory duties, awarding credit to a CPV when the circumstances merit it," *id.*, and it is the petitioner's burden to demonstrate that the Board abused its discretion. As previously stated, "an abuse of discretion is not merely an error of judgment, but occurs only where the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or

7

the result of partiality, prejudice, bias or ill will." *Zappala v. Brandolini Property Management, Inc.*, 909 A.2d 1272, 1284 (Pa. 2006). On the current record, and in light of our case law that has emerged since *Pittman*, we simply cannot conclude that the Board abused its discretion in denying Petitioner credit for time spent at liberty on parole.

Accordingly, we affirm the Board's order.

_____
PATRICIA A. McCULLOUGH, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Smagalski,                          :
                Petitioner        :
                              :   No. 959 C.D. 2020
          v.                        :
                              :
Pennsylvania Parole Board,                   :
                Respondent       :

## ***ORDER***

AND NOW, this 23rd day of April, 2021, the order of the Pennsylvania Parole Board, mailed on September 4, 2020, is hereby affirmed.

_____
PATRICIA A. McCULLOUGH, Judge