IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard F. Shaffer,                          :
                Petitioner          :
                                     :
          v.                                     :
                                     :
Pennsylvania Parole Board,          :     No. 700 C.D. 2020
                Respondent         :     Submitted: June 11, 2021


BEFORE:    HONORABLE P. KEVIN BROBSON, President Judge
                 HONORABLE ANNE E. COVEY, Judge
                 HONORABLE J. ANDREW CROMPTON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                   FILED: July 15, 2021


Richard F. Shaffer (Shaffer) petitions this Court for review of the Pennsylvania Parole Board's (Board) July 1, 2020 decision granting his petition for administrative relief from the Board's decision recorded July 16, 2019 (mailed August 16, 2019).[1] Shaffer presents one issue for this Court's review: whether the Board violated *Pittman v. Pennsylvania Board of Probation & Parole*, 159 A.3d 466 (Pa. 2017), and *Penjuke v. Pennsylvania Board of Probation & Parole*, 203 A.3d 401 (Pa. Cmwlth. 2019), *appeal denied*, 228 A.3d 254 (Pa. 2020), by revoking previously granted credit for time spent at liberty on parole (i.e., street time) without giving a reason therefor. After review, this Court affirms.

On October 31, 2016, Shaffer was convicted of Manufacture/Sale/Deliver or Possess with Intent to Deliver a Controlled Substance

---

[1] The Board granted Shaffer's request for administrative relief by recalculating his maximum sentence release date. Shaffer's appeal concerns the portion of the decision which denied him credit for his time spent at liberty on parole, which remained after the Board's grant of relief.

and sentenced to 2 to 5 years of incarceration (Original Sentence). His Original Sentence maximum release date was December 9, 2020. On December 9, 2017, the Board paroled Shaffer from his Original Sentence. On May 8, 2018, Shaffer was taken into custody for failing to report to the Board. On August 29, 2018, the Board cancelled the Warrant to Commit and Detain Shaffer without holding a violation hearing. *See* Certified Record (C.R.) at 28.

On November 13, 2018, the Board lodged a detainer against Shaffer and, on November 14, 2018, a Pennsylvania State Police Trooper arrested Shaffer on new criminal charges (New Charges). On November 29, 2018, Shaffer posted bail on the New Charges; however, the Board's detainer remained in effect. On June 28, 2019, Shaffer pled guilty to Driving Under the Influence - high rate of alcohol - 2nd offense (DUI), for which the Indiana County Common Pleas Court (trial court) sentenced him to 30 days to 6 months of incarceration (New Sentence). On July 11, 2019, the trial court granted Shaffer parole from his New Sentence. On July 16, 2019, the Board recommitted Shaffer as a convicted parole violator (CPV), sentenced him to 6 months of backtime, denied Shaffer credit for the time he spent at liberty on parole, and recalculated his Original Sentence maximum release date to March 19, 2022. *See* C.R. at 72-73. Shaffer filed an Administrative Remedies Form appealing from the Board's July 16, 2019 decision.

On July 1, 2020, the Board granted Shaffer's request for administrative relief. *See* C.R. at 103-04. The Board recalculated Shaffer's Original Sentence maximum release date to August 20, 2021 (providing credit for the one day from November 13 to November 14, 2018, and 211 days from November 29, 2018 to June 28, 2019). *See id*. The Board's denial of credit for time spent at liberty on parole

(December 9, 2017 to May 8, 2019) remained. *See id*. Shaffer appealed to this Court.[2]

Shaffer first argues that the Board erred by failing to provide a statement explaining why it revoked his time spent at liberty on parole, as *Pittman* requires.[3] This issue was raised for the first time in Shaffer's brief, which his counsel prepared.[4] However, because Shaffer objected to the Board's revocation of his street time in his pro se Administrative Remedies Form, his Petition for Review, and his Amended Petition for Review, this Court will address the issue.

The law is well established that *Pittman* requires the Board to provide a contemporaneous statement explaining its reason for denying a CPV credit for time spent at liberty on parole. *See id*. Here, the Board specified its reason for denying Shaffer credit for time spent at liberty on parole as follows: "[U]nresolved drug and alcohol issues." C.R. at 67 (Board Hearing Report); 73 (Board Dec.). Given that Shaffer's Original Sentence was for drug charges and his New Sentence was for a DUI, Shaffer's history fully supported the Board's reason for denying him credit for street time. *See Plummer v. Pa. Bd. of Prob. & Parole*, 216 A.3d 1207 (Pa. Cmwlth. 2019); *Smoak v. Talaber*, 193 A.3d 1160 (Pa. Cmwlth. 2018). Accordingly, the Board satisfied *Pittman's* requirements.

Shaffer next contends that the Board violated *Penjuke* by denying him credit for street time as a CPV after granting him credit for that street time as a

---

[2] "Our scope of review of the Board's decision denying administrative relief is limited to determining whether necessary findings of fact are supported by substantial evidence, an error of law was committed, or constitutional rights have been violated." *Kazickas v. Pa. Bd. of Prob. & Parole*, 226 A.3d 109, 115 n.9 (Pa. Cmwlth. 2020) (quoting *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013)).

[3] The Board did not respond to this argument in its brief.

[4] Indiana County Public Defender Michael P. Smith, Esquire entered his appearance for Shaffer on October 14, 2020, and filed the instant brief.

technical parole violator (TPV). The Board responds that *Penjuke* does not apply because Shaffer was not committed as a TPV.

In *Penjuke*, this Court held: "[T]he Board lacks the statutory authority to revoke street time credit previously granted to a parolee as a TPV when it subsequently recommits the parolee as a CPV." *Id.* at 420. Here, the Board is correct that Shaffer was never committed as a TPV. Rather, after detaining Shaffer for violating his parole conditions by failing to report to the Board, the Board cancelled its Warrant to Commit and Detain Shaffer. *See* C.R. at 28. As a result, Shaffer was not committed as a TPV, and the Board neither credited nor denied his street time.[5] Accordingly, *Penjuke* does not apply.

For all of the above reasons, the Board's decision is affirmed.

_____
ANNE E. COVEY, Judge

---

[5] Even if Shaffer was committed as a TPV, "[b]ecause the criminal conduct that led to [Shaffer's] CPV recommitment occurred during the same parole period as the violation that led to his TPV recommitment, *Penjuke* does not control in this case." *Kazickas*, 226 A.3d at 116.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard F. Shaffer,  :
      Petitioner  :
        :
      v.  :
        :
Pennsylvania Parole Board,  :   No. 700 C.D. 2020
      Respondent  :

## O R D E R

AND NOW, this 15th day of July, 2021, the Pennsylvania Parole Board's July 1, 2020 decision is affirmed.

_____
ANNE E. COVEY, Judge