# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Felix Angel Perez,  :
           Petitioner  :
             :
           v.  :  No. 524 C.D. 2020
             :  Submitted: November 6, 2020
Pennsylvania Parole Board,  :
           Respondent  :


BEFORE:    **HONORABLE RENÉE COHN JUBELIRER,** Judge
                **HONORABLE P. KEVIN BROBSON,** Judge[1]
                **HONORABLE CHRISTINE FIZZANO CANNON,** Judge


<u>**OPINION NOT REPORTED**</u>


**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**           **FILED: February 22, 2021**


Felix Angel Perez (Perez) petitions for review of a May 21, 2020 Order of the Pennsylvania Parole Board (Board) that affirmed the Board's actions mailed March 26, 2019, and April 19, 2019, recommitting Perez as a convicted parole violator (CPV) to serve 24 months of backtime, and denying him credit for time spent at liberty on parole, also known as street time. Perez is represented by David Crowley, Esquire (Counsel), Chief Public Defender of Centre County. Counsel has filed an Application to Withdraw Appearance (Application to Withdraw) and a No-Merit Letter, which are based on his conclusion that Perez's Petition for Review is without

---

[1] This case was assigned to the opinion writer before January 4, 2021, when Judge Brobson became President Judge.

merit. For the following reasons, we grant Counsel's Application to Withdraw and affirm the Board's Order.

Perez was sentenced on November 9, 2010, to 3 to 12 years' imprisonment at a state correctional institution (SCI) for his conviction of manufacture, sale, or delivery, or possession with intent to deliver drugs. (Sentence Status Summary, Certified Record (C.R.) at 1.) On October 14, 2015, the Board paroled Perez from his original sentence, which had a maximum date of August 17, 2021, and he was released on November 18, 2015. (Order to Release on Parole/Reparole, C.R. at 6.) On January 31, 2017, following an interaction between Perez and police that occurred on January 18, 2017, in Columbia Borough, Lancaster County, Pennsylvania, police filed new charges against Perez including several counts of manufacture, delivery, or possession with intent to manufacture or deliver drugs, possession of drug paraphernalia, fleeing or attempting to elude an officer, reckless driving, driving with a suspended license, and accidents involving damage to unattended vehicles or property. (Police Criminal Complaint, C.R. at 11-16.) Perez was not arrested or detained on these new charges at the time they were filed. On February 26, 2017, the Board issued a warrant to arrest Perez for violating his parole. (Warrant for Arrest of Paroled Prisoner, C.R. at 19.) That same day, police in Readington Township, New Jersey, arrested Perez after stopping him for traffic violations, and, when they discovered drugs in his possession, police charged Perez with possession of controlled substances and drug paraphernalia and hindering apprehension. (Readington Township Police, New Jersey, Incident Report, C.R. at 20-24.) Perez remained incarcerated in New Jersey, and, on September 22, 2017, he pled guilty to the charge of hindering apprehension. (C.R. at 129, 131.)

2

On October 3, 2017, Perez was extradited to Pennsylvania and remained in the custody of the Lancaster County Sheriff's Department pending $250,000 bail, which he did not post. (Supervision History, C.R. at 66; Criminal Docket, C.R. at 48.) By notice dated October 10, 2017, the Board charged Perez with a technical parole violation for failure to report to parole supervision staff beginning in February 2017, and scheduled a detention hearing based on the new charges against Perez in Lancaster County and New Jersey. (Notice of Charges and Hearing, C.R. at 25.) That same day, Perez waived his right to be represented by counsel and to preliminary, detention, violation, and panel hearings, and admitted his technical violation. (C.R. at 27-29.) On October 11, 2017, Perez was granted unsecured bail with respect to the Lancaster County charges, but he remained detained on the Board's warrant and was returned to SCI-Camp Hill on October 13, 2017. (C.R. at 89, 92.) By action mailed December 14, 2017, the Board recommitted Perez as a technical parole violator (TPV) to serve six months of backtime and detained him pending disposition of the new Lancaster County criminal charges. (Notice of Board Decision, C.R. at 54-56.) On December 11, 2018, Perez pled guilty to several of the Lancaster County charges and was sentenced to two years and six months to five years of incarceration in an SCI. (Lancaster County Court of Common Pleas Sentencing Order, C.R. at 57.)

The Board issued a Notice of Charges and Hearing based on his new convictions, and Perez waived his right to a panel hearing. (C.R. at 62, 68.) A revocation hearing was held before an examiner on February 7, 2019, at which Counsel represented Perez. (Revocation Hearing Transcript, C.R. at 70-71.) A parole agent presented certified copies of the Lancaster County Sentencing Order, without objection. (*Id.* at 75-76.) At the hearing, Perez testified that he has pursued

3

training programs to improve his career, and he apologized for his criminal conduct. (*Id.* at 78-80.) Counsel argued that Perez had been detained solely on the Board's warrant since February 26, 2017, except for the period from October 3 to October 11, 2017, and that this time should be credited toward his service of backtime. (*Id.* at 77.) The hearing examiner recommended recommitting Perez as a CPV to serve 24 months of backtime and denying Perez credit for time spent at liberty on parole. (Revocation Hearing Report, C.R. at 84, 87.) The hearing examiner based his recommendation to deny credit on the fact that Perez's "[n]ew conviction [was the] same/similar to the original offense." (*Id.* at 84.) The hearing examiner signed the hearing report on February 14, 2019, and a Board member signed it the following day. (*Id.* at 88.)

By action mailed on March 26, 2019, the Board recommitted Perez as a CPV to serve 24 months of backtime concurrently with the 6 months of backtime he was ordered to serve as a TPV. (Notice of Board Decision, C.R. at 113-14.) The Board noted that Perez would begin serving backtime "when available, pending receipt of additional information." (*Id.* at 113.) The Board's action did not expressly state whether it awarded Perez credit for time spent at liberty on parole. The Board recalculated Perez's maximum date as December 4, 2022, but noted that this date was "subject to change." (*Id.*)

On April 5, 2019, Counsel filed an Administrative Remedies Form challenging the Board's action to the extent that it did not deem Perez immediately available to begin serving his backtime. (Administrative Remedies Form, C.R. at 148.) Counsel argued that Perez's backtime should precede service of his new Lancaster County sentence. (*Id.*) He also argued, to the extent the "additional information" mentioned in the Board's action concerned Perez's New Jersey

4

conviction, that information was irrelevant because Perez was detained on the Board's warrant, not on the New Jersey charges, and any sentence for an out-of-state conviction should commence only after his service of backtime. (*Id.*)

On April 16, 2019, the Board entered a Modified Order to Recommit in which it noted that Perez was immediately available to begin serving his backtime, thus rendering moot the issues raised in Perez's first Administrative Remedies Form. (Modified Order to Recommit, C.R. at 122.) In the same order, the Board credited Perez with the days he was detained on the Board's warrant from February 26, 2017, to October 3, 2017, and from October 11, 2017, to December 11, 2018, Perez's custody for return date. By action mailed on April 19, 2019, the Board stated that it denied Perez credit for street time because his new Lancaster County conviction was the same as or similar to his original offense. (Notice of Board Decision, C.R. at 124-25.) The Board also stated that his maximum date was subject to change pending resolution of the New Jersey charges. (*Id.* at 124.) On May 7, 2019, officials in New Jersey informed the Board of Perez's guilty plea entered on September 22, 2017. (C.R. at 126, 129.) Perez was sentenced in New Jersey to 18 months of confinement to be served concurrent with his Lancaster County sentence. (C.R. at 129, 132.) By action recorded on July 1, 2019, the Board noted, and declined to take further action concerning, Perez's arrest and conviction in New Jersey. (Memo to the Board dated 6/18/2019, C.R. at 145; Notice of Board Decision, C.R. at 146.)

Counsel filed a second Administrative Remedies Form on April 29, 2019, alleging that the Board failed to provide Perez "with a copy of the [Revocation Hearing Report] or any other document which would establish that the Board made a contemporaneous decision with respect [to] the denial of credit for [Perez's street

time].'' (Administrative Remedies Form, C.R. at 152-53.) Counsel observed that, pursuant to the Pennsylvania Supreme Court's decision in *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466 (Pa. 2017), the Board was required to provide a reason why it denied Perez credit contemporaneously with its decision to deny credit. Counsel argued that the Board's action mailed on April 19, 2019, which purported to deny Perez credit for his street time, was improper under *Pittman* because it was not contemporaneous with the Board action mailed on March 26, 2019, which recommitted Perez as a CPV.

The Board responded to both of Perez's administrative appeals on May 21, 2020, and affirmed its March 26, 2019 and April 19, 2019 decisions. (C.R. at 156-57.) As to Perez's first administrative appeal concerning the Board's March 26, 2019 action, the Board explained that it issued its final decision to recommit Perez on April 16, 2019, thus making him available to begin serving his backtime, which satisfied the relief Perez sought. (*Id.* at 156.) The Board then considered Perez's second administrative appeal, stating that it was statutorily authorized to recommit Perez as a CPV and to recalculate his maximum sentence date. It thus concluded that it acted within its discretion when it denied him credit for time spent at liberty on parole via its decision mailed on April 19, 2019. (*Id.*) The Board also explained how it recalculated his maximum date. (*Id.* at 156-57.) The Board did not directly address Counsel's argument that the Board's decision to deny credit was not contemporaneous with its decision to recommit Perez as a CPV.

Perez, with the assistance of Counsel, filed his Petition for Review in this Court on June 8, 2020. Therein, Perez challenged the Board's April 19, 2019 order solely on the basis that its decision denying him credit for street time was not

contemporaneous with its decision recommitting him as a CPV and, therefore, violated the *Pittman* standard. (Petition for Review ¶¶ 6-8.)

On August 21, 2020, Counsel filed the Application to Withdraw on the ground that the Petition for Review lacks merit. In support, he also filed the No-Merit Letter, which he sent to Perez and the Board, along with the Application to Withdraw, detailing his review of the Certified Record and relevant law. After summarizing the relevant factual and procedural history, Counsel addressed the issue raised by Perez in the Petition for Review.[2] First, Counsel acknowledged the Board's authority to recalculate Perez's maximum sentence date and to deny him credit for street time. (No-Merit Letter at 3-5.) Counsel then explained that Perez challenged the Board's April 19, 2019 action because, at that point, the Board had not provided a copy of the Revocation Hearing Report or any other documentation showing when it had made the decision to deny Perez credit for street time, or whether that decision was contemporaneous with the Board's decision to recommit Perez as a CPV. (*Id.* at 5.) Counsel observed that "[t]he Certified Record does contain the [Revocation Hearing] Report[,]" which establishes that the hearing examiner and Board member "decid[ed] both matters at the same time" in compliance with *Pittman*. (*Id.*) Counsel further explained that the Revocation Hearing Report sets forth a legally sufficient reason for the decision to deny Perez credit for street time. (*Id.*)

---

[2] In the No-Merit Letter, Counsel also addressed other issues, including whether the Board was authorized to recalculate Perez's maximum sentence date, whether its recalculation was correct, and whether the Board may deny credit for street time based on nonviolent offenses. (*See* No-Merit Letter at 3-5, 6-7.) These issues were not raised at the revocation hearing, in Perez's Administrative Remedies Forms before the Board, or in the Petition for Review with this Court. Accordingly, they are waived, and we need not consider them further. *See Chesson v. Pa. Bd. of Prob. & Parole*, 47 A.3d 875, 878 (Pa. Cmwlth. 2012) (stating that issues not raised before the Board at a revocation hearing or in an administrative appeal are waived and cannot be considered for the first time on appeal).

Having concluded that the Petition for Review lacks merit, Counsel informed Perez of his right to hire another attorney or file a brief on his own behalf and provided him with a copy of the Certified Record. (Application to Withdraw ¶¶ 3-4.) Counsel also served Perez with this Court's August 24, 2020 order informing Perez that he could obtain substitute counsel at his own expense or file a brief on his own behalf. Perez did not file a brief on his own behalf.

Before appointed counsel may withdraw from representation in a case in which the right to counsel does not derive from the United States Constitution, such as here, the *Turner* or no-merit letter must contain: (1) the nature and extent of counsel's review; (2) the issues the petitioner wishes to raise; and (3) counsel's analysis in concluding that the petitioner's appeal is without merit. *Commonwealth v. Turner*, 544 A.2d 927, 928 (Pa. 1988); *Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 24-25 (Pa. Cmwlth. 2009). In addition, counsel must send the petitioner a copy of the no-merit letter, "a copy of counsel's petition to withdraw," and a statement advising the petitioner of his right to proceed with new counsel or *pro se*. *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009). Once counsel satisfies the procedural requirements of *Turner*, this Court will "conduct its own review of the merits of the case." *Id.* (citation omitted).

Counsel has complied with the procedural requirements of *Turner*. As we have set forth above, Counsel has explained the nature and extent of his review of the record, addressed the issue Perez raised in his Petition for Review, and provided a thorough analysis of that issue and Counsel's reason for concluding that it lacks merit. Counsel served copies of both the Application to Withdraw and No-Merit Letter on Perez and the Board and provided Perez with a copy of the Certified Record. In serving Perez with the Court's August 24, 2020 order, Counsel has

8

informed Perez that he could retain substitute counsel or file a brief on his own behalf. Thus, Counsel has satisfied the procedural requirements of *Turner*, and we now turn to Perez's Petition for Review to determine independently whether it is without merit.[3]

Section 6138(a)(2), (2.1) of the Prisons and Parole Code (Code) provides:

(2) If a [CPV's] recommitment is so ordered, the [CPV] shall be reentered to serve the remainder of the term which the [CPV] would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.

(2.1) The [B]oard may, in its discretion, award credit to a [CPV] recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:

(i) The crime committed during the period of parole or while delinquent on parole is a crime of violence . . . or a crime requiring registration under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).

(ii) The [CPV] was recommitted under [S]ection 6143 [of the Code] (relating to early parole of inmates subject to Federal removal order).

61 Pa.C.S. § 6138(a)(2), (2.1). Our Supreme Court held in *Pittman* that Section 6138(a)(2) "clearly and unambiguously grants the Board discretion to award credit to a CPV recommitted to serve the remainder of his sentence," other than in the enumerated exceptions. *Pittman*, 159 A.3d at 473. The Supreme Court further held

---

[3] Our standard of review in parole revocation cases "is limited to determining whether the Board committed a constitutional violation or an error of law and whether the findings of fact are supported by substantial evidence." *Lee v. Pa. Bd. of Prob. & Parole*, 885 A.2d 634, 637 (Pa. Cmwlth. 2005).

9

that "the Board must provide a contemporaneous statement explaining its reason for denying a CPV credit for time spent at liberty on parole." *Id.* at 475.

This Court has held that the Board complies with *Pittman* and no remand is required even where the Board fails to give a contemporaneous reason for denying street time but later corrects the error. *Smoak v. Talaber*, 193 A.3d 1160, 1164 (Pa. Cmwlth. 2018). In *Smoak*, the Board issued an order recommitting a CPV and not awarding credit for street time, but did not provide the reason for doing so until its response to the petitioner's request for administrative review. We held that while it was error for the Board not to record a reason for denying credit in its decision recommitting the petitioner, the "matter [did] not need to be remanded to the [] Board to correct the error because the [] Board, after receiving [the petitioner's] administrative appeal, corrected its omission by modifying the recommitment order to include its reason for denying [the petitioner] credit for his street time." *Id.*

Here, the Board's recommitment of Perez occurred when the hearing examiner and one Board member signed the Revocation Hearing Report recommending Perez's recommitment as a CPV. *See Barnes v. Pa. Bd. of Prob. & Parole*, 203 A.3d 382, 392 (Pa. Cmwlth. 2019) ("Parole revocation occurs once a hearing examiner and Board member or two Board members sign a hearing report recommitting a prisoner as a CPV."). In the Revocation Hearing Report, the hearing examiner recommended that the Board deny credit for street time and provided a contemporaneous reason for that decision, specifically that Perez's "[n]ew conviction [was the] same/similar to the original offense."[4] (Revocation Hearing

---

[4] Although Perez does not challenge the legal sufficiency of the stated reason, we note that we have found this precise reason to be sufficient where, as here, it is consistent with the evidence in the Certified Record. *See Barnes v. Pa. Bd. of Prob. & Parole*, 203 A.3d 382, 390-91 (Pa. Cmwlth. 2019).

10

Report, C.R. at 84.) Accordingly, the Board complied with *Pittman*, because it effectively denied Perez credit for street time when a Board member signed the Revocation Hearing Report on February 15, 2019, which included a contemporaneous statement of the reason for the denial. Moreover, the Board's April 16, 2019 decision was the first time the Board expressly denied Perez credit for street time, which decision set forth the same contemporaneous statement of the reason for the Board's denial. We acknowledge that the earlier Notice of Board Decision mailed on March 26, 2019, did not state a reason for the Board's denial of credit, but it also did not expressly discuss credit for street time. To the extent that the Board's failure to discuss street time credit expressly in its March 26, 2019 action constitutes error, no remand is necessary because the Board corrected this error in its April 16, 2019 action. *See Smoak*, 193 A.3d at 1164. As the Board complied with the dictates of *Pittman*, Perez's sole argument on appeal is without merit.

Based upon the foregoing, we conclude that Perez's Petition for Review is wholly without merit. Accordingly, we grant Counsel's Application to Withdraw and affirm the Board's May 21, 2020 Order.

 

 

**RENÉE COHN JUBELIRER,** Judge

11

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Felix Angel Perez,       :
       Petitioner  :
            :
    v.       : No. 524 C.D. 2020
            :
Pennsylvania Parole Board,    :
       Respondent :

## O R D E R

NOW, February 22, 2021, the Application to Withdraw Appearance filed by David Crowley, Esquire, is **GRANTED**, and the Order of the Pennsylvania Parole Board, entered in the above-captioned matter, is **AFFIRMED**.

           _____
           **RENÉE COHN JUBELIRER,** Judge